## FRANCIS v. DAVIS.

REVIEW OF JUDGMENT.—*Complaint.*—*Material New Matter.*—A complaint under section 588 of the practice act, to review a judgment for "material new matter," must be verified, and must allege new matter, clearly distinguishable from newly-discovered evidence, having a material bearing on the judgment, and which would probably reverse or materially modify such judgment ; that such matter has been discovered since the rendition of the judgment, and could not have been discovered before that time by reasonable diligence ; and that the complaint has been filed without delay since the discovery.

SAME.—*Judgment.*—*Excessive Damages.*—Where, on the trial of such action, the finding shows simply an excessive recovery, the court should not wholly reverse, but simply modify, the judgment.

From the Marion Circuit Court.

*L. Jordan* and *H. Jordan*, for appellant.

*E. T. Johnson*, for appellee.

HOWK, J.—This was a suit by the appellee, against the appellant, to obtain a review of a certain judgment which the appellant had recovered against the appellee by his confession, at the May term, 1871, of the court below. The appellant's demurrer to the amended second paragraph of the appellee's complaint, for the want of sufficent facts therein to constitute a cause of action, was overruled by the court, and to this ruling the appellant excepted. He

then answered the complaint by a general denial thereof, putting the cause at issue.

The cause was tried by a jury, who returned no general verdict, but, instead thereof, they returned their written answers to a series of interrogatories, nineteen in number, propounded to them by the court as and for a special verdict. The appellant's motion for a new trial having been overruled, and his exception entered to this ruling, judgment was rendered by the court, wholly reversing, setting aside and annulling the original judgment, which the appellant had recovered as aforesaid against the appellee, by his confession, at the May term, 1871, of said court.

From the said judgment of reversal, this appeal to this court is prosecuted by the appellant, and he has here assigned as errors the following decisions of the circuit court:

1. In overruling his demurrer to the amended second paragraph of the appellee's complaint for review;

2. In overruling his motion for a new trial; and,

3. In rendering judgment upon the answers of the jury to the interrogatories propounded to them by the court, and in setting aside the original judgment recovered by the appellant against the appellee, at the May term, 1871, of the court below.

1. The amended second paragraph of appellee's complaint, as it is called, is the only complaint properly in the record. The original complaint contained a single paragraph, to which the appellant's demurrer, for the want of sufficient facts, was sustained by the court, and the appellee asked leave to amend. He did not, however, amend or attempt to amend his original complaint; but afterward, on the 1st day of March, 1873, the appellee filed in this cause what he has called a "further and second paragraph" of his complaint. As the original complaint went out of the case, by reason of the court's decision in sustain-

ing the appellant's demurrer thereto, the appellee's "further and second paragraph" is in fact and in law his only complaint in this cause, and we will so consider it in this opinion.

This complaint is so exceedingly long, that we will not attempt to set it out, or to give even the substance of all its allegations. It will suffice, we think, for us to state enough of the facts alleged in the complaint to enable us to give an intelligible view of the grounds of the appellant's objections to its sufficiency. It appeared from the complaint, that on the 12th day of June, 1871, the appellant recovered a judgment against the appellee, upon his confession, in the court below, for the sum of $6,483.33, upon four promissory notes, executed by the appellee and payable to the appellant, all of them dated August 11th, 1870, of which two were for the sum of $1,750.00 each, and each of the other two was for the sum of $1,250.00. The record shows that afterward, on the 8th day of September, 1871, the appellee filed his original complaint against the appellant, to review and set aside the said judgment, which he had previously confessed in the appellant's favor. To that original complaint, as we have seen, the appellant's demurrer, for the want of sufficient facts therein, was sustained by the court; and, as the appellee neither excepted to the decision nor amended that complaint, the appellant was entitled to a judgment for his costs on that complaint. Afterward, as we have said, on the 1st day of March, 1873, the appellee filed the complaint we are now considering, on which issues of law and fact were joined by the appellant, the trial was had, and the judgment was rendered in this cause.

This complaint shows upon its face, that it was a complaint for the review and reversal of the judgment which the appellee had confessed in the appellant's favor, on the 12th day of June, 1871. In section 586 of the practice

act, it is provided that "Any person who is a party to any judgment * * * may file in the court where such judgment is rendered, a complaint for a review of the proceeding and judgment at any time within three years next after the rendition thereof." 2 R. S. 1876, p. 247. In section 587 of the code, it is further provided that "The complaint. may be filed for any error of law appearing in the proceedings and judgment, or for material new matter, discovered since the rendition thereof, or for both causes, without leave of court." 2 R. S. 1876, p. 249. In the complaint now under consideration, the review and reversal of the judgment confessed were not sought for, or on account of, any alleged error of law appearing in the proceedings and judgment; but the complaint was filed for material new matter, discovered since the rendition of the judgment, and for no other cause. In such a case, it is provided in section 588 of the practice act, that the complaint "shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence; and that the complaint is filed without delay after the discovery." 2 R. S. 1876, p. 249.

It is upon the statutory provisions last quoted, that the appellant's counsel, in their argument of this cause in this court, have grounded their objections to the sufficiency of the appellee's complaint, under the demurrer thereto for the want of facts. The original complaint does not appear to have been verified, but that complaint went out of the case, on the appellant's demurrer thereto. But the complaint we are now considering was duly verified by the appellee's oath, before it was filed, as before stated, on the 1st of March, 1873. The appellee's counsel have not favored this court with any brief of this cause, in support of the decisions below complained of as errors by the appellant's attorneys. It seems to us that the

appellant's objections to the sufficiency of the complaint now under consideration are fully supported by the statutory provisions last quoted, and we fail to see upon what grounds the decision of the court in overruling his demurrer to that complaint can be upheld. It is certain that the complaint has failed to show either that the new matter could not have been discovered before the judgment confessed, by reasonable diligence, or that the complaint was filed without delay, after the discovery of such alleged new matter.

The provisions, above quoted, of section 588 of the code, have often been considered by this court, and it has been uniformly held thereunder, that a complaint for the review of a judgment, for new matter, must show upon its face the following facts: 1. It must show, clearly and unequivocally, new matter having a material bearing upon the judgment complained of, which new matter would probably reverse, or at least materially modify, such judgment; 2. The new matter relied upon in a complaint for review must be such as is or may be clearly distinguished from newly-discovered evidence which, if discovered during the term at which the judgment was rendered, would be cause for a new trial, in a motion therefor, under section 352 of the code, and, if discovered after such term, might support a complaint for a new trial, under section 356 of the practice act, but which, in no event, would sustain a complaint for the review of a judgment, on the ground of material new matter discovered after the rendition of such judgment; 3. The complaint must show, by the facts alleged therein, that the new matter relied upon as the cause for a review could not have been discovered before the rendition of the judgment sought to be reviewed, by the exercise of reasonable diligence; and, 4. That the complaint has been filed without delay after the discovery of the alleged new matter. Buskirk Prac.

271, et seq.; Nelson v. Johnson, 18 Ind. 329; Webster v. Maiden, 41 Ind. 124; Barnes v. Dewey, 58 Ind. 418.

We are of the opinion, for the reasons given, that the court erred in overruling the appellant's demurrer to the appellee's complaint.

Our conclusion in regard to the insufficiency of the appellee's complaint, which would, of necessity, reverse the judgment below, renders it unnecessary for us to consider now any of the questions arising under either of the second or third alleged errors. Under the supposed error of the court, in overruling the appellant's motion for a new trial, many questions have been presented and discussed by his counsel, in argument, which may not arise again in the further progress of this cause. For this reason we think that we need not now attempt to decide any of those questions.

It has seemed to us, however, that we might very properly consider in this connection some of the objections urged by the appellant's counsel to the judgment of the court, upon the special verdict, or findings of the jury, in this case, wholly reversing, setting aside and annulling the original judgment confessed by the appellee in appellant's favor. It was admitted by the appellee, in his complaint for review, that, at the time of the rendition of the original judgment, he was indebted to the appellant for the value of a stock of groceries, etc., and for the value of a stock of hats and caps; but the precise amount of such indebtedness was not clearly stated in said complaint. In their answers to the interrogatories propounded to them by the court, the jury found, however, as a part of their special verdict, that, at the time this judgment was confessed by the appellee, his said indebtedness to the appellant amounted, in the aggregate, to no more than twenty-five hundred dollars. Upon these findings of the jury, and upon the appellee's admissions, the counsel insist, with much force and earnestness, that the

court erred in rendering a judgment wholly reversing, set-
ting aside and annulling the original judgment, recovered
by the appellant upon the appellee's confession.· It seems
to us that this point is well taken.

In section 591 of the practice act, it is provided that,
upon the hearing of a complaint for review, "the court
may reverse or affirm the judgment, in whole or in part,
or modify the same, as the justice of the case may re-
quire, and award costs," etc.   2 R. S. 1876, p. 249.

Applying the provisions of this section of the code to the
special verdict of the jury in this case, we can not well
avoid the conclusion, that the court clearly erred in ren-
dering a judgment wholly reversing the original judg-
ment.   Under the special verdict of the jury, and the
statutory provisions last quoted, applicable thereto, we are
of the opinion that the court, in rendering its judgment
in this case, should have modified the original judgment,
by reversing it in part, and by affirming it as to the resi-
due thereof.

The judgment is reversed, at the appellee's costs, and
the cause is remanded, with instructions to sustain the
demurrer to the complaint, and for further proceedings in
accordance with this opinion.