No. 11,748.

DIPPEL ET AL. *v.* SCHICKETANZ, ADMINISTRATOR.

JUDGMENT.—*Review of.—New Matter.—Mistake of Law.—Partition.*—Where an attorney, acting as such, innocently advises his client, an administrator, erroneously as to his rights in a matter in which the attorney has an adverse interest, whereby the client and attorneys employed by him are misled, and take a judgment in partition for a share of real estate, to the advantage of the first attorney, the whole of which was owned by the intestate, the discovery of the truth afterwards is material new matter, not discoverable by reasonable diligence, justifying a review under section 617, R. S. 1881, as against the first attorney.

From the Marion Circuit Court.

*W. D. Bynum* and *A. T. Beck,* for appellants.
*J. E. Florea* and *A. W. Wishard,* for appellee.

COLERICK, C.—This action was brought by the appellee to review a judgment. It appears by the averments in the complaint, that on the 25th day of August, 1865, one Christian F. Schmidt, then the owner of lots numbered 39 and 40, in John Rossett's subdivision of parts of out-lots numbered 107 and 108, in the city of Indianapolis, sold and conveyed the same to Lebrecht Dippel and Catharine Dippel, his wife, by a deed of conveyance, in which the wife of Schmidt joined. By the conveyance, so executed, the grantees became the owners, as tenants by entireties, of the property conveyed. Afterwards Lebrecht died testate, and by the provisions of his will, which was duly probated, he assumed to devise said real estate, with other parcels owned by him, to his wife and children. Subsequently Catharine died, and after her death the appellee, as the administrator of her estate, instituted an action for the partition of the real estate of which Lebrecht died seized, in which was included the property now in dispute, which it was then supposed by all the parties to the action was owned by Lebrecht at the time of his death, and the heirs of Lebrecht and Catharine were made parties thereto, as well as the appellant Will. F. A.

Bernhamer personally, and as guardian of the minor heirs of F. Miller, deceased. The partition was asked to enable said administrator to subject the interest of Catharine in the property to sale for the payment of the debts of her estate. It was averred in the complaint in that action that her interest in the two lots above described was the one undivided third part thereof. This averment was made upon the erroneous assumption that the only interest which she held therein was acquired by her as the widow of Lebrecht. The appellant Bernhamer personally, and as such guardian, was made a party to the action because he personally held a judgment against one of the heirs of Lebrecht, which was a lien upon the interest of said heir in the real estate of which Lebrecht died seized, and held, as such guardian, a mortgage upon the interest of one of said heirs in said real estate. The action, so commenced, was tried and determined by the court, and resulted in the making of an order by the court, appointing a commissioner to sell the property now in dispute, which was found to be indivisible. It was therein adjudged that the interest of Catharine in the property was the one-third thereof, as the widow of Lebrecht. Afterwards the property was sold by the commissioner appointed for that purpose, but, before the completion of its sale, it was discovered that Lebrecht's interest in the property had terminated by his death, and that by reason of his death Catharine had become the sole owner of the property, and was such owner at the time of her death. This discovery when made was at once reported to the court by the commissioner, and thereupon he was ordered by the court to take no further proceedings in the sale of the property. Within ten days afterwards this action was commenced by the appellee to review and vacate the judgment so rendered, by reason of said mistake. All the parties defendants to the former action were made defendants thereto, and they, except the appellant Bernhamer, consented to the review and vacation of the judgment as prayed for. A complete record of the proceedings in the

former action was set out in the complaint, which was properly verified. Separate demurrers were filed to the complaint by the appellant Bernhamer, personally and as such guardian, which were overruled by the court, to which rulings he excepted, and, refusing to answer over, final judgment on demurrer was rendered against him, from which he appeals to this court, the other defendants in the action refusing to join in the appeal. The only error assigned that has been discussed by him in his brief assails the sufficiency of the complaint. The averments assailed are as follows:

"The plaintiff alleges and avers that at the time of the death of said Lebrecht Dippel said lots 39 and 40, heretofore described, were held by said Lebrecht Dippel and Catharine Dippel, his wife, by entirety, and that at the death of said Lebrecht, her husband, said Catharine Dippel became the owner entire of said real estate, and that she so held the same until her death. Said plaintiff further says he caused a careful investigation of the records to, be made before bringing said action for the partition of said real estate and for the sale of the interest of said Catharine Dippel, deceased, therein, and that he thought and believed her to be the owner of but one-third thereof, and that his attorneys, in examining said records on his behalf, found that by his last will and testament Lebrecht Dippel, the deceased husband of said Catharine, claimed to own the whole thereof, and that said Catharine, as widow, had but one-third thereof, and that he and his attorneys were misled thereby. He further says that he was deceived therein by the defendant Bernhamer, who was his attorney prior to the bringing of said action for partition, and that said Bernhamer told and stated to plaintiff as his attorney, that said Catharine had only one-third thereof, and that plaintiff and his present attorneys, Florea and Wishard, were misled and deceived by the statements of the defendant Bernhamer, and that he has learned and discovered since said real estate was offered for sale by said commissioner, that said Catharine held the whole thereof."

Dippel *et al. v.* Schicketanz, Administrator.

The statute provides, " When the complaint for a review is filed for new matter discovered since the rendition of the judgment, it shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence, and that the complaint is filed without delay after the discovery." R. S. 1881, section 617. In this case the complaint was verified as required by the statute, and was filed without delay after the new matter therein recited was discovered, which discovery was made after the rendition of the judgment so reviewed and vacated.

By reason of the peculiar circumstances of this case, as disclosed by the complaint, we think that it sufficiently appears that the new matter therein mentioned could not, by reasonable diligence, have been discovered before the rendition of the judgment so reviewed, and that the appellee, who was merely acting in a fiduciary capacity, exercised, under the circumstances, reasonable diligence before the rendition of said judgment in ascertaining the nature and extent of the interest which Catharine Dippel held in the property in controversy at the time of her death. It would have been wrong and unjust to the creditors and heirs of the decedent for the court to have refused, under the circumstances, the relief that was granted, as the judgment vacated was, doubtless, rendered by the court under a misapprehension, in which all the parties indulged, as to the nature and extent of Catharine Dippel's interest in the property, and the mistake under which the appellee so labored was induced, to some extent, by the appellant Bernhamer. We can not disturb the judgment of the court below, as it was clearly right on the merits of the case.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed Jan. 23, 1885. Petition for a rehearing overruled April 23, 1885.