Harvey *et al. v.* Fink.

require the city to refund. The existence of these conditions was found, and the city is liable.

The judgment is affirmed, with costs.

Filed June 14, 1887.

---

No. 12,528.

## HARVEY ET AL. *v.* FINK.

NEW TRIAL.—*As of Right.*—*Motion to Vacate Order Granting.*—*Practice.*— Where a party is in court, by his attorneys, when an order is made granting the opposite party a new trial as of right, and does not object thereto, he can not afterwards move to vacate the order upon the ground that it was made without his knowledge or consent.

SAME.—*When Motion to Vacate Must be Made.*—A motion to vacate and set aside an order granting a new trial as of right must be made at the earliest practicable moment to be available.

SAME.—*Motion for New Trial After Term.*—Where a verdict is returned on Thursday of the last week of a term of court, a motion for a new trial made on the fourth day of the next term comes too late, under section 561, R. S. 1881, and can not be entertained.

APPEAL.—*Complaint for New Trial.*—*Separate Action.*—The proceedings upon a complaint for a new trial after the close of the term at which a cause has been disposed of constitute a separate and distinct action, and from the judgment rendered therein an appeal may be taken to the Supreme Court. An appeal from the judgment in the original cause does not present for review the judgment rendered upon the complaint for a new trial.

SAME.—*Review of Judgment.*—*Waiver.*—Where a party files a complaint for review for alleged errors of law only, and prosecutes the proceeding to final judgment, he can not afterwards appeal from the judgment sought to be reviewed, as the adoption of one remedy waives the other.

From the Hancock Circuit Court.

*J. B. Julian, J. F. Julian* and *S. Griffin,* for appellants.

*D. S. Gooding, J. A. New, J. W. Jones* and *M. B. Gooding,* for appellee.

NIBLACK, J.—On the 27th day of April, 1882, Lucinda

J. Harvey and eight others, claiming that they were owners in fee simple of an undivided one-half of a sixty-acre tract of land in Hancock county, and that Henry Fink was, in like manner, the owner of the other half, filed their complaint for partition, making Fink a defendant in the proceeding.

The defendant answered in denial as well as special matters in the nature of an estoppel in defence. He also, by way of cross-complaint, set up a claim for improvements made and taxes paid on the land.

Issues being formed both upon the complaint and cross-complaint, the plaintiffs obtained a verdict for one undivided half of the land and a judgment in partition on the verdict.

The record informs us that afterwards, at the October term, 1883, of the court below, the plaintiffs came by their attorneys, naming them, and that the defendant, also, came by his attorneys, likewise naming them; that the defendant thereupon filed his motion for a new trial; that the court, after being fully advised in the premises, granted a new trial to the defendant as of right; that, by agreement of parties then entered into, the issues in the cause were opened and the defendant was given leave to file an amended answer to the complaint, within a time limited, during the term. Before the close of the term the plaintiffs filed an amended complaint, and various proceedings were, from time to time, thereafter had in the formation of issues on the pleadings and in other matters looking to the preparation of the cause for another trial, when, on the 5th day of April, 1884, the plaintiffs entered a motion to vacate and set aside the order granting a new trial as of right, and all proceedings subsequent thereto, upon the ground that such order was made without their knowledge or consent, which motion was overruled by the court.

The defendant had, in the meantime, answered the amended complaint of the plaintiffs, in three paragraphs, to

the third of which a demurrer was interposed, and overruled before issue was joined upon it.

At the June term, 1884, the cause was, by agreement, again submitted to a jury for trial, and the jury, after hearing the evidence, returned a general verdict for the defendant, with answers to numerous interrogatories submitted to them touching particular questions of fact. The plaintiffs thereupon moved the court to set aside the verdict and to grant a *venire de novo*, because the jury had not found on all the points or answered fully several of the interrogatories submitted to them, and because their findings were inconsistent, irreconcilable and incapable of enforcement. But, without further proceedings, the cause was permitted to stand continued until the ensuing October term, when, on the first day of that term, the motion for a *venire de novo* was overruled. The plaintiffs then moved for judgment in their favor upon the answers to the interrogatories, notwithstanding the general verdict, and that motion was likewise overruled.

On the fourth judicial day of said October term, the plaintiffs filed a motion for a new trial, assigning various and elaborately presented causes, to the filing and entry of which the defendant objected, and, at his suggestion, the motion was ordered to be struck from the files of the court, which was done accordingly, and a judgment on the verdict was entered in favor of the defendant.

Later in the term the plaintiffs asked leave to file a motion for a new trial, and affidavits in support thereof, and to have the motion then heard; but the desired leave was not granted, and the court declined to hear the motion.

On the 9th day of December, 1884, which was after the close of the October term of that year, the plaintiffs filed a new complaint against the defendant, in three paragraphs. The first paragraph was simply a complaint for a new trial, assigning some of the statutory causes and other special matters in support of the application, as in ordinary motions

for a new trial. The second was, in its essential qualities, only a complaint for a review of the proceedings in the original cause. The third was an application for a new trial, seemingly addressed to the discretion of the court for relief against mistake, inadvertence, surprise and excusable neglect on the part of the plaintiffs, under section 396, R. S. 1881. Demurrers were sustained to all the paragraphs of this complaint, and the defendant had final judgment upon demurrer.

The plaintiffs below assign error here :

*First.* Upon the order granting the defendant a new trial as of right.

*Second.* Upon the refusal of the circuit court to vacate and set aside that order at a subsequent term.

*Third.* Upon the overruling of the demurrer to the third paragraph of the defendant's answer.

*Fourth.* Upon the striking out of their interlocutory motion for a new trial.

*Fifth.* Upon the refusal of the circuit court to enter judgment in their favor upon the facts as specially found, notwithstanding the general verdict.

*Sixth.* Upon the refusal of the circuit court to permit their second interlocutory motion for a new trial to be filed and heard.

*Seventh.* Upon the sustaining of the demurrers to the several paragraphs of the complaint for a review of the judgment and for a new trial.

As has been seen, the record shows that the plaintiffs were present, by their attorneys, when the order was made granting a new trial as of right, and neither interposed an objection nor reserved an exception. In contemplation of law, therefore, the order was made within their knowledge and, impliedly, with their consent. If the record does not speak the truth in reference to what occurred at that time it ought to have been corrected by proper proceedings in the court below. No question was, consequently, reserved on the order granting the new trial, and the circuit court did not err in

afterwards refusing to vacate and set aside that order, upon the ground that it was made without the knowledge or consent of the plaintiffs, or upon any other ground disclosed by the record. The motion to vacate and set aside the order, at all events, came too late, as it belonged to a class of motions which must be entered at the earliest practicable moment to be made available. *Hutchinson* v. *Lemcke,* 107 Ind. 121.

No formal argument has been submitted against the sufficiency of the third paragraph of the defendant's answer, and; hence, the third specification of error presents no question which we are required to decide.

Under the civil code of 1852 a motion for a new trial was permitted only during the term at which the verdict or decision objected to was rendered; but the severity of that rule has been somewhat relaxed by the code of 1881, which provides as follows: " The application for a new trial may be made at any time during the term at which the verdict or decision is rendered, and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned." R. S. 1881, section 561.

It is conceded that the verdict complained of in this case was returned on Thursday of the last week of the June term, 1884, and, as has been already stated, the motion for a new trial, which it is alleged the circuit court erroneously refused to entertain, was neither presented nor assumed to be filed until the fourth judicial day of the ensuing October term. This was beyond the time limited by the statute, and as the defendant objected to the filing of the motion at the time it was presented, the circuit court could not have then rightfully done otherwise than to refuse to entertain such a motion. The precise phraseology used in the expression of such a refusal was immaterial. We are, consequently, led to the conclusion that neither the fourth nor sixth specification of error is well assigned.

We have no specific argument in support of the motion of the plaintiffs for judgment on the facts as found, notwithstanding the general verdict, and, hence, no enumeration of the facts relied upon as sufficient to have sustained that motion. In their motion for a *venire de novo* the plaintiffs claimed that the facts as found by the answers to the interrogatories were "inconsistent, irreconcilable and incapable of enforcement." But no specifications were at the time furnished in support of that criticism, and none of an opposing character have since been supplied in argument here. There has, consequently, been nothing brought to our attention affirmatively showing that the circuit court erred in overruling the motion for judgment notwithstanding the general verdict.

A complaint for a new trial, after the close of the term at which a cause has been finally disposed of, can only be filed where some sufficient cause or causes have been discovered since the term closed. R. S. 1881, section 563. The proceedings upon such a complaint become a separate and distinct action, and the ultimate result reached through such proceedings constitutes a final judgment from which an appeal may be prosecuted to this court. *Hines* v. *Driver*, 89 Ind. 339. Therefore, this appeal, which is primarily based upon the proceedings and judgment in the partition suit, does not properly bring before us for review the judgment rendered upon the complaint for a new trial. In that respect the case presented is one of a misjoinder of appeals. The same may be said, in general terms, of the paragraph constituting the complaint for a review of the proceedings and judgment in the original cause. But even more serious complications arise out of the joinder of that paragraph with the others demanding a new trial. That paragraph concluded with a prayer for a review of the proceedings set out by it, for errors of law committed during the progress of the cause in refusing to permit the plaintiffs to file and present their second application for a new trial and accompanying affida-

vits, and in other respects particularly indicated and complained of. It was, therefore, a complaint for a review for alleged errors of law only.

For error of law apparent upon the record, a party may appeal to this court from the circuit court, or he may file a complaint for a review in the circuit court in which the record remains, but the adoption of one of these remedies waives the other. *Traders Ins. Co.* v. *Carpenter,* 85 Ind. 350, and authorities cited. When, therefore, the plaintiffs filed in the circuit court their complaint for a review, and prosecuted the proceeding thus instituted to final judgment, they precluded themselves from afterwards appealing to this court from the judgment sought to be reviewed. Their only remedy remaining was to appeal to this court from the judgment rendered against them upon their complaint for a review. A different rule prevails where a review is asked upon the ground of new matter discovered since the rendition of the judgment. *Hill* v. *Roach,* 72 Ind. 57.

The judgment is affirmed, with costs.

Filed June 16, 1887.