Hornady, Administrator, v. Shields.

No. 5226.

HORNADY, ADMINISTRATOR, v. SHIELDS.

SUPREME COURT.—*Assignment of Error Questioning Complaint for Review.—Sufficiency of.*—It *seems* that an assignment of error in the Supreme Court, questioning for the first time the sufficiency of a complaint to review a judgment, must be merely for the reason "that the complaint does not state facts sufficient to constitute a cause of action."

REVIEW OF JUDGMENT.—*Granting of Application.—Supreme Court will only Interfere when Injustice is Shown.*—The rule that the Supreme Court will not reverse a judgment on account of the action of the trial court in granting a new trial, unless it is apparent that great injustice has been done, applies also to the action of the lower court in granting an application for the review of a judgment, the object sought by both proceedings being the same, viz., a re-trial of the cause.

From the Scott Circuit Court.

*W. K. Marshall, W. T. Friedley, P. H. Jewett, S. S. Crowe* and *C. L. Jewett,* for appellant.

*G. V. Howk, J. K. Marsh* and *G. V. Howk, Jr.,* for appellee.

OLDS, J.—On the 30th day of November, 1871, appellant Hornady, administrator of the estate of Amos Clark, deceased, commenced an action in the court of common pleas of Scott county, Indiana, against the appellee, Shields, to recover the possession of 340 bushels of corn. Appellant alleged in his complaint that he was the owner of the corn described, which appellee had possession of, without right, and unlawfully detained from appellant. Demand for judgment for the recovery of the corn, and one hundred dollars damages for the detention thereof. A writ of replevin was duly issued and delivered to the sheriff, and the sheriff made return of such writ that by virtue thereof he had taken such corn from appellee on December 1st, 1871, and delivered the same to appellant upon his executing bond, as required

by law. Afterwards, at the March term, 1872, of said court of common pleas, on appellee's motion, the court quashed the writ of replevin by virtue of which the sheriff had delivered the corn to appellant, but made no order for the return of the corn to appellee. Amended complaint was thereupon filed, and issue joined by answer in denial. The cause was tried by a jury, and a verdict was returned for appellant, assessing his damages at $150, and over appellee's motion for a new trial judgment was rendered against him for such damages and costs.

On the 21st day of February, 1873, appellee commenced a suit in said court of common pleas of Scott county against said appellant to review and reverse the judgment aforesaid, for alleged errors of law appearing in the record thereof. Before any steps had been taken in said cause, the act took effect abolishing the common pleas court and transferring all the business pending in courts of common pleas to the circuit courts; and at the June term, 1873, of the Scott Circuit Court, the parties appeared, issue was joined, and, upon the hearing of said cause, the court found for the appellee and decreed that the aforesaid judgment should be reviewed, reversed and set aside, and the original cause for the recovery of the corn ordered re-docketed, which was accordingly done; and afterwards the cause was submitted to the court for trial, and the court found that the appellant was not the owner of any of the corn described in his complaint; that appellee was the owner, and entitled to have return, of one-half of such corn, of the value of $84, and that the residue of such corn was the property of a third party, and that appellant could not make return of the corn taken from the appellee and delivered to appellant as aforesaid; and, over appellant's motion for a new trial, the court rendered judgment against him in appellee's favor for $84 and costs. From this judgment this appeal is prosecuted.

The first error assigned is as follows: "The Scott Circuit Court erred in reversing and setting aside the judgment

in favor of appellant below for one hundred and fifty dollars, and allowing a review of said case, because the complaint for review of said judgment did not show any error of law appearing in the proceedings and judgment for which a review could be allowed, nor did said complaint show any material new matter discovered since the rendition of said judgment for one hundred dollars and costs."

It is contended by counsel for appellee that this is not a proper assignment of error to present any questions as to the sufficiency of the complaint ; that to question the validity of the complaint for review of the judgment, when, as in this case, there was no demurrer addressed to it in the court below, and no exception to the judgment for review, and the validity of the complaint for the first time questioned in this court, the assignment of error must be in strict conformity with the statute—that " the complaint does not state facts sufficient to constitute a cause of action." There is some force in the objection of counsel. Section 619, R. S. 1881, relating to proceedings in review of judgments, provides: " The defendant shall be notified of the filing of such complaint, and the parties shall proceed to form issues of law and fact as in other cases." Section 339, R. S. 1881, states the causes for which a defendant may demur to a complaint. One cause is, " That the complaint does not state facts sufficient to constitute a cause of action." Section 343, R. S. 1881, provides: " Where any of the matters enumerated in section 85 (section 339) do not appear upon the face of the complaint, the objection (except for misjoinder of causes), may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." The proceeding for review of a judgment is commenced by complaint, and must state error of law appearing in the proceedings and

judgment, or facts discovered after the rendition of the judgment, sufficient to constitute a cause of action for review of the judgment. The words " material new matter " mean " material new facts," facts discovered after the rendition of the judgment material to a just determination of the case ; and a proper cause for demurrer to such complaint is the cause designated by the statute, and the objection to the complaint should be for the reason " that the complaint does not state facts sufficient to constitute a cause of action."

The statute declares that " When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, or, when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof." R. S. 1881, section 1266.

In an action for possession of personal goods it would not be good practice to file, and the court would not sustain, a demurrer to a complaint in such an action in form, " that the complaint is insufficient for the reason that it does not show the goods were wrongfully taken or unlawfully detained from the owner or person claiming the possession thereof, nor that the goods had been taken on execution or attachment and are claimed by some person other than the defendant;" or an objection to a complaint on appeal to this court assigned in that form. If such practice was permitted it might be followed in almost every instance. This is the same practice adopted in this case, and it is not proper practice. It is to avoid such verbose pleading that it is prescribed that a complaint may be tested by demurrer for specific causes. The code prescribes a mode of procedure in civil actions, and it prescribes the causes for which a demurrer may be filed to a complaint and what objections shall be waived if not taken by demurrer, and what shall not be waived and may be urged as objections to the complaint in this court. Such provisions aid in the dispensation of justice, and should be followed with

reasonable strictness.   The issues in a proceeding to review
a judgment are to be formed in the same manner and gov-
erned by the same general rules of pleading as are prescribed
in other civil cases.   Yet in this case we do not deem it
necessary to pass upon the sufficiency of this assignment of
error.

The object sought in a proceeding for review is a new trial
of the cause.   The right to file the application, the com-
plaint, is given to the party and it may be filed without leave
of court, and it secures to the party a hearing by the court,
and upon such hearing the court may reverse or affirm the
judgment in whole or in part, or modify the same, as the
justice of the case may require.   The hearing, like an ap-
plication for a new trial, is by the court; no right to a jury
exists, and the same rule must be applied in reviewing the
proceedings of the court in such a case as in the case of a
motion for a new trial.   This court will not reverse a case
on account of the action of the lower court in granting a new
trial, unless it is apparent that great injustice has been done.
In some cases the courts say it will not be done " unless a
flagrant case of injustice is made to appear."   *Leary* v. *Ebert,*
72 Ind. 418, and authorities there cited.   The object in both
applications is the same—one is by complaint and the other
by motion—the relief sought and granted is a new trial,
whereby the original case will again be submitted to a court
or jury for trial, and certainly the rule in this court as to
setting aside the order of the court granting a new trial
should be the same, whether the new trial has been granted
on motion or on a complaint for review.

In this case there was a hearing of the cause on the com-
plaint and the issue joined, a new trial granted and the cause
again submitted to the court.   No demurrer was filed to the
complaint; no exceptions were taken and reserved in the
hearing of the cause for review; no objection is made to the
finding of the court or the order or judgment setting aside
the original judgment and granting a new trial, and in this

court, for the first time, an objection to the complaint is made. There does not appear from the record to have been any injustice done in reviewing the judgment and granting a new trial. The complaint alleges numerous errors of law in the proceedings and judgment. There does not appear to have been any finding as to the ownership of the property by the jury in the first trial, though they assessed the plaintiff's damages at $150, and upon the second trial the court found the property, or a portion of it, to be the property of the defendant, and the remainder to be the property of a third person. When a complaint is first questioned in this court, every presumption will be indulged in favor of its sufficiency.

The only other alleged error discussed is the overruling of appellant's motion for a new trial, and the cause discussed, and for which it is contended a new trial should be granted, is, that the finding is not sustained by sufficient evidence. The particular reason urged is, that the trial court gave an improper interpretation and construction to a written contract introduced in evidence, but we are unable to tell what construction the court placed upon such contract. The evidence, we think, tends to sustain the finding, and we can not weigh the evidence to determine whether it preponderates in favor of the finding.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

BERKSHIRE, J., took no part in the decision of this cause.

Filed May 28, 1889.