Filed April 24, 1890.

———◆———

No. 14,118.

## HOPPES ET AL. *v.* HOPPES ET AL.

REVIEW OF JUDGMENT.—*Practice.—Copy of Record.—Setting out in Complaint.—Certified Transcript Unnecessary.*—In an action to review a judgment it is not necessary that there should be a certified transcript of the complete record of the original cause. A copy of the record set out, and averred to be a copy, in the complaint for review, is sufficient.

SAME.—*Appeal.— Reversal.*—On appeal the same rule applies in reviewing the action of the lower court where a judgment of review has been rendered and a new trial granted, as where a new trial has been granted on motion, and a judgment setting aside the original judgment will not be reversed unless injustice has been done.

PRINCIPAL AND SURETY.—*Husband and Wife.—Mortgage to Secure Husband's Debt.—Sheriff's Sale.—Rights of Heirs.*—A husband and wife each

owned forty acres of land adjoining. They mortgaged the entire tract, the wife joining to secure the debt of the husband. After the death of the wife the husband's father purchased the entire eighty acres of land from the husband, agreeing, as a consideration, to pay the mortgage debt on the wife's forty acres, and have the mortgage thereon cancelled, but instead of having the mortgage cancelled, after paying the debt, he took an assignment of the mortgage and brought an action of foreclosure.

*Held*, that the children of the deceased wife, she being but the surety for the debt of the husband, had the right to have the husband's lands first sold to satisfy the mortgage.

From the Madison Circuit Court.

*C. L. Henry, H. C. Ryan* and *E. P. Schlater,* for appellants.

*W. A. Kittinger* and *L. M. Schwinn,* for appellees.

OLDS, J.—Appellant Daniel Hoppes and Mariah Hoppes, his wife, each owned forty acres of land in Madison county, Indiana. The two forty-acre tracts join each other, and constitute an eighty-acre tract. Daniel owned the west forty, and his wife, Mariah, the east forty acres. While so owning such tracts of land in 1877, they executed a mortgage to Lewis Fitzgerald, as trustee of the Mercantile Trust Company, to secure a debt of $1,500, stated in the mortgage to be the debt of the said Daniel. After the mortgage was executed Mariah Hoppes died intestate, leaving Daniel Hoppes, her husband, and the appellees Charles Hoppes and Alfaretta Nichols, her children, as her only heirs surviving her. Some time after the death of Mariah, Isaac Hoppes, the father of Daniel Hoppes, bought of Daniel the forty acres owned by Mariah, agreeing as a consideration for the same to pay off the mortgage, and Daniel executed a conveyance to Isaac for the same. Afterwards Daniel sold the forty acres owned by him, being the west forty, to Isaac, in consideration of $1,800. After Isaac purchased both tracts of land, instead of paying off the mortgage and having it cancelled, he paid the same to the trust company and took an assignment of it,

and then brought suit for foreclosure of the same, making Daniel Hoppes, Charles Hoppes and Alfaretta Nichols parties defendants; the said Charles and Alfaretta being at the time infants, a guardian *ad litem* was appointed for them, and a decree of foreclosure was entered ordering the sale of the east forty acres, which was owned by Mariah, for the payment of the mortgage. An order of sale was issued, and the said east forty acres was sold, and Isaac Hoppes purchased the same in satisfaction of the mortgage debt.

The appellees now bring this action to review and set aside the judgment of foreclosure.

Appellant Isaac Hoppes demurred to the complaint of the appellees, and the demurrer was overruled, and he excepted.

Isaac Hoppes then answered the complaint by general denial. Daniel Hoppes made default.

Upon the issues thus formed a trial was had by the court, resulting in a finding and judgment in favor of the appellees setting aside the original judgment as to the undivided two-thirds of the east forty acres of the land.

Isaac Hoppes filed a motion for a new trial, which was overruled, and he excepted.

Appellant Isaac Hoppes assigns as error that the complaint does not state facts sufficient to constitute a cause of action, that the court erred in overruling the demurrer to the complaint, and that the court erred in overruling the motion for a new trial.

Daniel Hoppes assigns as error that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that Daniel and his wife Mariah each owned forty acres of the land, and the execution of the mortgage; that the mortgage was executed to secure the individual debt of said Daniel; the death of Mariah and the names of her heirs; the purchase of the whole eighty acres of land by Isaac, and an agreement on the part of Isaac as a part of the consideration to pay the mortgage; that he

paid the mortgage debt in accordance with his agreement, but that instead of having it cancelled he took an assignment of the mortgage and brought suit and foreclosed it; setting out the proceedings of foreclosure, copy of the judgment, and all the pleadings and the summons.

It is further alleged that Isaac and Daniel both were fully acquainted with all the facts and the relations of the parties to the land and their rights therein; that at the time of the pendency of said suit and rendition of said decree of foreclosure, the plaintiffs, the appellees herein, were infants, and had no knowledge that said debt secured by said mortgage was the individual debt of said Daniel, and that their mother, Mariah, was only surety; nor did they at that time know that the said Isaac had agreed to pay the same; that the appellants, knowing all said facts, concealed the same from them and from their guardian *ad litem*, appointed to represent them in said foreclosure suit, and that they have but recently, within a short time before bringing this suit, learned said facts, and could not with reasonable diligence earlier have learned the same; that one of the appellees is still a minor, and the other only became of age three or four months before the filing of the complaint for review; that the forty acres of land owned by said Daniel is more than sufficient to satisfy and pay the mortgage debt.

Objection is made to the complaint that it does not contain a complete certified copy of all the proceedings, record and judgment in the original cause, in which the judgment sought to be reviewed was rendered. In an action to review a judgment for error of law occurring at the trial, it is indispensable that there be set out with the complaint for review a copy of so much of the record in the original case as is necessary to fully present the rulings of the court in the original cause claimed to be erroneous, for which error a review of the judgment is asked, and so it has been held by the decisions of this court, but all that is necessary in such case is that a copy of the record shall be set out and

averred to be a copy in the complaint for review.   It is not necessary that there should be a certified transcript of the complete record of the original cause.   If the same rule should be applied in actions to review for material new matter discovered after the rendition of the original judgment, as in this case, though we can see no good reason for applying such a strict rule in this class of cases, but even then the complaint in this case is sufficient, as it sets out a copy of the complaint, and all the pleadings, the summons and the record in the case, and the complaint is not subject to this objection.

It is next objected that the complaint does not show that the appellees had any defence to the original action.   This objection, we think, is not tenable.

As appears from the allegations of the complaint, Daniel Hoppes was the principal debtor, and his wife, Mariah, was his surety, they both mortgaged real estate for the payment of the debt, and it is a well settled principle that when the principal and surety both mortgage property for the payment of a debt of the principal, the surety is entitled to have the property of the principal first sold to satisfy the debt (Brandt Sure. and Guar., section 204), and a purchaser of the property of the surety so mortgaged would have this same right; so, one taking title to such property of the surety by inheritance would have this right.   It has been repeatedly held by this court that a wife joining in a mortgage with her husband to secure his debt has the right to have his two-thirds interest in the land first sold to pay the debt.   *Birke* v. *Abbott*, 103 Ind. 1; *Figart* v. *Halderman*, 75 Ind. 564; *Medsker* v. *Parker*, 70 Ind. 509; *Leary* v. *Shaffer*, 79 Ind. 567; *Grave* v. *Bunch*, 83 Ind. 4; *Main* v. *Ginthert*, 92 Ind. 180; *Trentman* v. *Eldridge*, 98 Ind. 525.

The children of Mariah Hoppes, deceased, had the right, under the facts alleged in the complaint, to have the husband's lands first sold to satisfy the mortgage debt.

The next alleged error is the overruling of the motion for a new trial.

The object of an action to review a judgment is to set aside the original judgment and procure a new trial. When the review is based on the ground of new matter discovered after the rendition of the original judgment, it does not differ materially from, and its effect is the same as the setting aside of a judgment on a motion for a new trial. In either case the result is the setting aside of the judgment and allowing a new trial of the cause, and it was held in the case of *Hornady v. Shields,* 119 Ind. 201, that the same rule would apply in reviewing the action of the lower court when the judgment of review had been rendered and a new trial granted, as in case of the granting of a new trial on motion, and this we think the correct rule.

The judgment rendered in this case was that the original judgment be set aside, and that the appellees be allowed to defend.

In this we think no injustice was done, and that the finding and judgment were warranted by the evidence.

It appears from the evidence that at least some portion of the debt secured by the mortgage was the individual debt of Daniel Hoppes ; indeed, there is evidence from which the court may have found that the whole debt was the individual debt of Daniel. It is expressly declared in the mortgage to be the debt of Daniel, and it is apparent from the evidence and the record in the case that Daniel and Isaac did not pursue the ordinary course to settle the estate of the deceased wife of Daniel. Daniel had a right to sell and convey to his father the title to but an undivided one-third of the forty acres of land owned by his late wife, and both he and his father must have known this fact, at least they were presumed to know it, and that Isaac knew when he received the conveyance, and agreed to pay the mortgage, that he only got title to the undivided one-third.

The evidence as it appears in the record bears upon its

face some traces of a scheme between Daniel and Isaac, whereby they intended to make the wife's forty acres pay the mortgage, which upon its face showed it was given to secure the debt of Daniel, and deprive the children of Daniel and his deceased wife of any interest in her land, and secure to Daniel all the surplus in value of the eighty acres mortgaged over and above an amount sufficient to satisfy the mortgage. The court trying the cause could best judge of the evidence.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed April 24, 1890.