CALUMET TEAMING & TRUCKING COMPANY, A CORPORATION v. YOUNG.

[No. 27,509. Filed April 9, 1941. Rehearing denied May 2, 1941.]

*Stiles & Reynolds,* of Gary, for appellant.
*Gavit & Richardson,* of Gary, for appellee.

FANSLER, J.—This is an appeal from an action to review a judgment for error under § 2-2604 et seq., Burns' 1933, § 428 et seq., Baldwin's 1934. There was judgment setting aside and vacating the original judgment.

Appellee moved to dismiss the appeal on the ground, that the judgment presently appealed from was rendered after the time had expired within which an ■ appeal might have been taken from the original judgment. The rule which appellee seeks to invoke applies to attempted appeals by the plaintiff in the action to review. *Talge Mahogany Co.* v. *Astoria Mahogany Co.* (1924), 195 Ind. 433, 141 N. E. 50, 145 N. E. 495; Watson's Revision of Works' Practice, Vol. 2, § 2225, p. 791. But it has no application to defendants in the action to review, since they were successful in procuring the original judgment and had no reason to appeal therefrom. The motion to dismiss is overruled.

The appellee, by his complaint to review, predicates error in the original trial upon the insufficiency of the complaint to state a cause of action, and upon the ground that, after he had appeared, he was defaulted for failure to plead to a third and fourth paragraph of complaint, and that the third and fourth paragraphs

of complaint were based upon a new cause of action, and that, because of the default, the court had no jurisdiction of his person.

The fourth paragraph of complaint was dismissed after the default. The other three paragraphs are based upon the same cause of action.

After the original judgment was entered, and after the term at which it was entered, the appellee brought an action under § 2-1068, Burns' 1933, § 173, ▇ Baldwin's 1934, to be relieved from the judgment and the default taken through mistake, inadvertence, surprise, or excusable neglect. This action was sufficient to direct the court's attention to any error there might be in defaulting the defendant, but the plaintiff was not relieved of the judgment and did not appeal. It would seem therefore that all questions of error concerning the default were adjudicated and finally determined in that action. There was no other motion to set aside the default. In *Lambert* v. *Smith, State Fire Marshal* (1939), 216 Ind. 226, 228, 229, 23 N. E. (2d) 430, 431, it is said: "A complaint to review a judgment must show that proper objections or exceptions were reserved in the original proceedings to save the error subsequently sought to be corrected. *Myer* v. *Minch* (1910), 45 Ind. App. 495, 91 N. E. 32. This rule, of course, does not apply to cases in which the error is not waived by failing to except, as where the complaint does not state any cause of action or the court has no jurisdiction over the subject-matter. *Davis* v. *Perry et al.* (1872), 41 Ind. 305; *Davidson* v. *King et al.* (1875), 51 Ind. 224." The latter statement, to the effect that the error in basing a judgment upon a complaint which does not state a cause of action is not waived, was obiter dictum in the case quoted from and was inadvertently made. The statute, § 2-1011, Burns'

1933, § 115, Baldwin's 1934, in force since 1911, provides that where it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action, and no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the insufficiency of the complaint. The only error not waived by failing to raise a question by demurrer or answer is that involving the jurisdiction of the court over the subject-matter of the action. Where a judgment is rendered without jurisdiction of the subject-matter or without jurisdiction of the person, the judgment is void and not merely erroneous, and it can be attacked directly or collaterally at any time. Where a party has been served with summons, and appears, and is afterward defaulted erroneously, the judgment is not void; it is merely erroneous. But unless there has been a motion to set aside the default, the error is not available in an action to review or on appeal. *Baker* v. *Ludlam* (1889), 118 Ind. 87, 20 N. E. 648. In Watson's Revision of Works' Practice, Vol. 2, § 2216, p. 781, will be found an exhaustive discussion of the practice governing actions of this type with ample citation of authority.

The plaintiff's complaint presents no reviewable error. It was error to overrule a demurrer to the complaint, and, since the facts are not in dispute, there was no sufficient basis for a judgment in favor of appellee.

Judgment reversed, with instructions to enter judgment for the appellant (defendant).

NOTE.—Reported in 33 N. E. (2d) 109.

ON PETITION FOR REHEARING

FANSLER, J.—In his petition for rehearing the appellee again calls attention to *Hornady, Adm'r*, v. *Shields*

(1889), 119 Ind. 201, 21 N. E. 554, and *Hoppes et al.* v. *Hoppes et al.* (1890), 123 Ind. 397, 24 N. E. 139, and says that the views expressed in the principal opinion are inconsistent with the language of those cases.

The Hornaday case, *supra,* is an appeal from a judgment in an action for replevin. It appears from the opinion that after the first judgment in the replevin suit the defendant brought an action to review and reverse the judgment for errors of law appearing in the record, and in this action the judgment was reversed and a new trial ordered in the original case. Thereafter the replevin suit was tried again, and there was a second judgment, from which the appeal was taken. There was no appeal from the action to review. On the appeal from the replevin action the appellant assigned error in relation to the entering of the judgment in the suit to review for error, upon the ground that the complaint for review did not show any error of law appearing in the proceedings which resulted in the original judgment in replevin. The court's attention does not seem to have been called to the fact that error in the action to review could only be assigned upon an appeal from the final judgment granting the review. In the opinion the asserted error is considered upon its merits, and it is held that there was no error. There is a discussion of the procedure applicable to actions to review for error and to actions for review because of material new matter. In the course of the opinion the action to review for error is said to be comparable to a motion for a new trial. It is then said (p. 205 of 119 Ind., p. 555 of 21 N. E.) : "This court will not reverse a case on account of the action of the lower court in granting a new trial, unless it is apparent that great injustice has been done." Speaking of the action for review, it is said (pp. 205, 206 of 119 Ind., p. 555 of 21 N. E.) :

"In this case there was a hearing of the cause on the complaint and the issue joined, a new trial granted and the cause again submitted to the court. No demurrer was filed to the complaint; no exceptions were taken and reserved in the hearing of the cause for review; no objection is made to the finding of the court or the order or judgment setting aside the original judgment and granting a new trial, and in this court, for the first time, an objection to the complaint is made. There does not appear from the record to have been any injustice done in reviewing the judgment and granting a new trial." It is clear that the sufficiency of the complaint in the action to review could not be first questioned on appeal, and it is also clear that no error in the action to review was made to appear. The last sentence therefore, to the effect that it does not appear that any injustice was done, is mere surplusage and obiter dictum.

In the Hoppes case, *supra*, it appears that there was, first, a judgment foreclosing a mortgage. Afterwards there was an action to review and set aside this judgment for material new matter discovered after the rendition of the original judgment. There was judgment for the plaintiffs, reviewing and setting aside the judgment, and the appeal was from that judgment. Error was assigned upon the overruling of a demurrer to the complaint and upon the overruling of a motion for a new trial in the action to review. This motion for a new trial seems to have questioned the sufficiency of the evidence to sustain the judgment setting aside and reviewing the original judgment. It is noted that the action was to review because of new matter, and that therefore an issue of fact was involved, and not just the question of whether error had been committed in the trial of the original case. The evidence most favorable to the successful party is considered and found

sufficient to sustain the judgment to review. But in the opinion the court again compares the action to review to a motion for a new trial, and the Hornady case, *supra*, is cited, and it is again said that the rule applied in appeals from judgments granting a new trial will be applied in appeals from judgments granting a review. Again this was unnecessary to the decision, and is obiter dictum.

The action to review and reverse a judgment for error committed at the trial presents the same question to the reviewing trial court that might be presented to this court or the Appellate Court upon an appeal. Review by the trial court on complaint or review on appeal are alternative remedies. In either proceeding substantial error requires the reversal of the judgment, and it is not necessary to show substantial error plus great injustice. If error was committed it will be presumed to have been prejudicial unless the contrary is made to appear, and where a party's substantial rights have been prejudiced he has not had a fair trial, and that is injustice enough to require a reversal. The action to review for new matter discovered after the rendition of the original judgment is of a different character. It involves no error committed at the original trial. It is much like a coram nobis proceeding. On an appeal from a judgment in either class of actions the judgment will be reversed upon a showing of prejudicial error. Where a party's rights have been prejudiced by error there has not been a fair trial. Where the trial has not been fair there has been injustice. We know of no formula by which degrees of injustice can be measured, and a rule requiring a showing of great injustice would be impossible of application.

In so far as they can be construed as inconsistent with the opinion in this case, *Hornady, Adm'r,* v. *Shields,*

476

*supra,* and *Hoppes et al.* v. *Hoppes et al., supra,* are overruled.

The petition for rehearing is denied.

NOTE.—Reported in 33 N. E. (2d) 583.