ROSS ET AL. *v.* CLORE, ADMINISTRATOR, ET AL.

[No. 17,954.  Filed December 27, 1949.  Rehearing denied January 25, 1950.  Transfer denied March 14, 1950.]

146

*W. J. Sprow,* of Crawfordsville; *Herman W. Kothe, Grier M. Shotwell* and *Shubrick T. Kothe,* all of Indianapolis, for appellants.

*Raymond O. Evans,* of Crawfordsville, for appellees.

DRAPER, C. J.—The appellants brought this action to review a certain judgment rendered in the Mont-

gomery Circuit Court. The appellees demurred for want of facts, and on appellants' refusal to plead over, judgment was rendered in favor of the appellees. The ruling on demurrer is assigned as error.

The situation as shown by the complaint is as follows: Rebecca Howell died testate on May 29, 1943. Her sister, Ella Snyder, died testate 34 days later. Both wills were promptly probated and in both cases the appellee Jesse Clore was appointed administrator with the will annexed.

The will of Rebecca Howell, after directing the payment of just debts, read in part as follows:

> "Item 2. All the rest and residue of my estate, both real and personal, wheresoever situated, of which I die seized, I give, devise and bequeath in fee simple to my sister, Ella Snyder. In the event my sister Ella Snyder should die previous to my death or she and I die in an accident or otherwise at or about the same time I hereby direct that all my estate shall go to Forrest E. Grimes and Tessie Grimes, his wife, who shall provide a comfortable home and support for my sister, Sarah E. Nicholson the remainder of her life, should she survive me."

The will of Ella Snyder read in part as follows:

> "After all my debts, the minister, and funeral expenses are paid — I bequeath to Rebecca A. Howell, my sister, all my property, money, real estate, and personal, of which I die seized, hereby revoking any previous will by me made.
>
> "Should Rebecca A. Howell die before I do, all property, money, real estate, shall be divided equally among one nephew, Charles Ross, and three nieces. Iona Brown, Florence Clawston, and Saripta Clawson, except interest in property at 611 S. Water St., which shall go to my nephew, Forrest Grimes, together with all personal property.
>
> "I desire the will of Rebecca Howell be carried out according to her request."

Closely following his appointment, the administrator filed separate petitions in the Montgomery Circuit Court for the construction of said wills, and for instructions. The appellants neither filed any answers nor participated in any hearings thereon. On June 23, 1945, the Montgomery Circuit Court decided that Ella Snyder took nothing under the Howell will, but that the appellees Grimes and Grimes took all. On the same day the court decided, as to the Snyder will, that ". . . the personal property of said deceased, the real estate of said deceased as hereinabove described, and all other real estate in which said decedent may have had title to, individually, or as a devisee of her deceased sister, Rebecca A. Howell, descended to and vested in Forrest Grimes, absolutely and in fee simple, subject only to the claims of creditors of said deceased."

Both cases were appealed. The judgment of the trial court in the case involving the Snyder will was affirmed by this court on September 30, 1947, in *Ross* v. *Clore*, 117 Ind. App. 548, 74 N. E. 2d 747. The judgment of the trial court in the case involving the Howell will was reversed by the Supreme Court on January 22, 1948, in *Ross* v. *Clore*, 225 Ind. 597, 76 N. E. 2d 839. Whereas the trial court had decided that Ella Snyder took nothing under the Howell will, the Supreme Court held that all of the Howell property, both real and personal, went to Ella Snyder who, as above stated, survived Rebecca Howell by 34 days.

On March 11, 1948, the Montgomery Circuit Court entered judgment in conformity with the mandate of the Supreme Court in the Howell case. On April 10, 1948, the appellants filed their complaint in this case to review the judgment rendered by the Montgomery Circuit Court construing the Snyder will. They allege in their complaint and here contend, that the decision of the Supreme Court in the Howell case has a mate-

rial bearing on the finding and judgment construing the Snyder will, and would probably reverse and/or alter or change the same and would entitle the appellants to a different judgment.

Burns' 1946 Replacement, § 2-2604, provides as follows:

"Any person who is a party to any judgment, or the heirs, devisees or personal representatives of a deceased party, may file in the court where such judgment is rendered a complaint for a review of the proceedings and judgment."

Section 2-2605 thereof provides as follows:

"The complaint may be filed for any error of law appearing in the proceedings and judgment, within one (1) year; or for material new matter, discovered since the rendition thereof, within three (3) years; or for both causes, within one (1) year after the rendition of the judgment, and without leave of court."

Section 2-2606 thereof provides as follows:

"When the complaint for a review is filed for new matter discovered since the rendition of the judgment, it shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence, and that the complaint is filed without delay after the discovery."

We think the appellants, as parties to the judgment construing the Snyder will, were entitled to file a complaint for review based upon the discovery of material new matter, despite the fact that they filed no answer and presented no evidence at the first hearing. The statute giving them that right makes no exceptions.

The appellees say a party may appeal from a judgment, or he may seek a review thereof, but the pursuit

of one remedy is a waiver of the other; and since the judgment in the Snyder case was appealed by appellants, and affirmed, they cannot now prosecute this action. But this is a complaint for review for material new matter discovered about thirty days before the filing of the complaint. It may be prosecuted even though the judgment has been affirmed on an appeal involving only supposed error of law in the proceedings below. *Hill* v. *Roach et al.* (1880), 72 Ind. 57, cited with approval in *Harvey et al.* v. *Fink* (1887), 111 Ind. 249, 12 N. E. 396. See also II Watson's Rev. *Works' Practice*, p. 772, § 2211.

We quote from the finding and judgment of the trial court in the Snyder case as follows: The Court

"... finds that the decedent, Ella Snyder,... left a personal estate of $4362.54, and at the time of her death the only real estate owned by said decedent consisted of an undivided one-half interest in and to the following described real estate ... (describing it), which is one and the same real estate as described in the will of said decedent as 'property at 611 S. Water St.' That Ella Snyder died at or about the same time as her sister, Rebecca A. Howell, and that she took nothing under the provisions of the will of Rebecca A. Howell, but that the property of Rebecca A. Howell both real and personal, descended to Forrest E. Grimes and Tessie Grimes in fee simple. That Sarah E. Nicholson died previous to the death of Rebecca A. Howell. That Ella Snyder by the provisions of her will, bequeathed her personal property to Charles Ross, Iona Brown, Florence Clawson, and Saripta Clawson, but that by a subsequent provision of her will she bequeathed her personal property to Forrest Grimes. That said bequests of personal property are conflicting, and that the bequest to Forrest Grimes, occuring last in said will, must prevail. That said decedent incorporated by reference into her will, in such a manner as to become a party thereof, the will of her deceased sister, Rebecca A. Howell and that by reason there-

of the will of the said Rebecca A. Howell speaks as of the date of Ella Snyder. That there exists reason and need for the construction of the will of said decedent.

"It is therefore considered, ordered, adjudged and decreed that the proper construction of the will of Ella Snyder, deceased, is that the personal property of said deceased, the real estate of said deceased as hereinabove described, and all other real estate in which said decedent may have had title to, individually, or as a devisee of her deceased sister, Rebecca A. Howell, descended to and vested in Forrest Grimes, absolutely and in fee simple, subject only to the claims of creditors of said deceased."

The finding was erroneous, for whereas the court found that Ella Snyder took nothing by the will of Rebecca A. Howell, the property owned by Ella Snyder at the time of her death actually included the property owned by Rebecca Howell at the time of the latter's death. The appellants say this fact could not be known prior to the reversal of the Howell case, and the judgment in the Snyder case could therefore not determine title to any property other than that specifically described in the Snyder judgment.

The words "material new matter" mean "material new facts" discovered after the rendition of the judgment which are material to a just determination of the cause. *Hornady, Administrator* v. *Shields* (1889), 119 Ind. 201, 21 N. E. 554. A complaint for new matter to be good, must show clearly and unequivocally new matter having a material bearing upon the judgment complained of, which new matter would probably reverse, or at least modify such judgment. *Francis* v. *Davis* (1880), 69 Ind. 452.

The appellants rely on *Ross* v. *Banta* (1894), 140 Ind. 120, 34 N. E. 865, 39 N. E. 732. In that case a decision determining title to real estate was dependent upon

another judgment of a trial court, which judgment was later reversed by the Supreme Court. It was held that the aggrieved party could maintain a complaint to review the judgment determining title to real estate when such judgment was grounded solely upon the judgment which had been reversed. That case does not seem to be decisive of this one, but it is somewhat helpful. The judgment in this case, that is, the Snyder judgment does not appear to have been based on the Howell judgment. The two judgments were rendered on the same day, and the record does not indicate which was first rendered that day.

Yet looking to the whole record in the Snyder case, as we have a right to do for the purpose of ascertaining the meaning and effect of that judgment, ■ *Gavin* v. *Miller* (1944), 222 Ind. 459, 54 N. E. 2d 277, it appears without question that when the trial court construed the Snyder will, he was attempting to effectuate the intention of both testators, and he believed the Howell property had in fact descended directly to Grimes and Grimes. In considering what judgment should be rendered in the Snyder case, the trial court was obviously considering the Snyder will in the light of his construction of the Howell will, and his judgment in the Snyder case was indubitably based on the judgment which he had rendered, or was about to render in the Howell case.

Our Supreme Court has said the action to review for new matter discovered after the rendition of the original judgment is much like a coram nobis proceeding. ■ *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 475, 33 N. E. 2d 109, 33 N. E. 2d 583, 584. In such a proceeding the facts brought forward to support the petition must be weighed and considered in the light of what transpired at the trial for the purpose of determining

whether, if known, they would have prevented the judgment which was actually rendered. *State ex rel. Meyer* v. *Youngblood* (1943), 221 Ind. 408, 48 N. E. 2d 55.

In considering cases of this kind the court should consider the peculiar circumstances of the particular case under consideration, and where it appears that the trial court has rendered a judgment under a misapprenhension as to the nature and extent of the property left by a decedent, the wrong and injustice occasioned thereby should be taken into account. *Dippel et al.* v. *Schicketanz, Administrator* (1885), 100 Ind. 376.

None of the assets of either estate have been distributed. The trial court was laboring under a misapprehension of the kind just referred to when he construed the Snyder will. The error became apparent after the judgment in the Snyder case was affirmed by this court. Considering the peculiar facts of this case, and the wrong and injustice that might otherwise result, we conclude the demurrer should be overruled.

Reversed and remanded with instructions to overrule the demurrer, and for further proceedings.

NOTE.—Reported in 89 N. E. 2d 290.