No. 12,812.

## McNeely et al. *v.* Holliday.

Marion Superior Court.—*Parties not Appealing to General Term can not Appeal to Supreme Court.—Dismissal of Appeal.*—Where parties, against whom judgment is rendered in the Marion Superior Court at special term, do not join in an appeal to the general term of such court, they are not parties to the judgment of the court in general term, and an appeal by them from such judgment to the Supreme Court will be dismissed.

Same.—*When Appeal will Lie from Judgment at Special Term to Supreme Court.*—No appeal will lie from the judgment of the Marion Superior Court at special term, directly to the Supreme Court, except where some of the judges of the general term are shown to be incompetent, and then only when an appeal is perfected within one year from the rendition of the judgment. Section 1362, R. S. 1881.

Supreme Court.—*Bill of Exceptions.—Omission of Evidence.*—The Supreme Court will not consider or decide any question which depends for its decision on the evidence in the cause, where the bill of exceptions shows affirmatively that it does not contain all the evidence.

From the Marion Superior Court.

*R. D. Logan*, for appellants.

*T. L. Sullivan* and *A. Q. Jones*, for appellee.

Howk, J.—It is shown by the record of this cause that, on the 18th day of October, 1884, in the court below, at special term, in an action then and there pending, the appellee, Lucy R. Holliday, as sole plaintiff, recovered a judgment and decree against Catharine D. McNeely, James H. McNeely and John H. McNeely, as defendants, for the amount due on certain notes and for the foreclosure of a mortgage on real estate given to secure such notes. It is further shown that on the same day Catharine D. McNeely alone filed a motion for a new trial, which was then and there overruled by the court, and that she alone, on the 17th day of November, 1884, appealed from the judgment at special term, and assigned errors in general term. The record further shows, that, on the 8th day of January, 1885, the judgment of the court at special term was affirmed by the court in general term.

On the 7th day of January, 1886, on the last day of the year in which an appeal could be taken from the judgment herein of the court below in general term to this court, the defendants, Catharine D. McNeely, John H. McNeely and James H. McNeely, jointly filed a certified transcript of the record and proceedings in such suit, in the office of the clerk of the Supreme Court, as and for an appeal herein, and on such transcript they separately assigned as error that the court in general term erred in affirming the judgment of the court at special term.

It is clear, we think, that appellants James H. McNeely and John H. McNeely have no standing in this court. They did not appeal from the judgment of the court below at special term to the general term of such court; therefore they were not parties to the judgment of the court in general term, and, of course, can not prosecute an appeal from that judgment to, or in this court. They can not prosecute this appeal, as an appeal from the judgment of the court at special term, because, under section 1362, R. S. 1881, no appeal will lie from the judgment of the court at special term directly to this court, except where some of the judges of the general term are shown to be incompetent, which is not shown in this case. *Beineke* v. *Wurgler*, 77 Ind. 468; *Leary* v. *Smith*, 81 Ind. 90. Even if the case in hand were one in which an appeal might have been taken from the judgment of the court at special term directly to this court, it is clear that the pending appeal could not be maintained by appellants James H. and John H. McNeely, because, as we have seen, this appeal was not perfected by them within one year after the rendition of that judgment. As to them, therefore, this appeal must be and is dismissed, at their costs.

Catharine D. McNeely had the right, of course, to appeal from the judgment of the general term against her to this court, at any time within one year from the rendition of the judgment, and she perfected her appeal within the year. By a proper assignment of error here, she has brought before us

the same errors of which she complained in general term. The questions discussed by her learned counsel in his brief of this cause are such only as arise under the alleged error of the trial court in overruling her motion for a new trial. The other errors assigned by her, in general term, must, therefore, be considered as waived. The only question discussed by her counsel is the alleged insufficiency of the evidence to sustain the finding of the trial court. The bill of exceptions appearing in the record shows affirmatively on its face that it does not, and never did, contain all the evidence given on the trial or hearing of this cause. It is certified by the learned judge, who heard the cause, that the evidence in the bill of exceptions, and certain other evidence attached to the bill, was all the evidence on the trial of the cause. This other evidence, which was manifestly material to the questions discussed by counsel, has become detached from the bill of exceptions in some way not accounted for, and is not to be found in the record before us. In this state of the record we must decline, as we have often held, to consider or decide any question which depends for its proper decision upon the weight or sufficiency of the evidence. *French* v. *State, ex rel.,* 81 Ind. 151; *Fellenzer* v. *Van Valzah,* 95 Ind. 128; *Collins* v. *Collins,* 100 Ind. 266.

Besides, upon the questions discussed by appellant's counsel, the evidence appearing in the record is conflicting, and, of course, in such a case, this court will not disturb the finding or reverse the judgment upon what might seem to be the weight of the evidence. *Cornelius* v. *Coughlin,* 86 Ind. 461; *Fitzgerald* v. *Goff,* 99 Ind. 28, and cases cited.

The judgment as to Catharine D. McNeely is affirmed, with costs.

Filed Feb. 12, 1886.