Buscher v. Knapp, Adm'r.

Filed Sept. 16, 1886.

---

No. 12,348.

## BUSCHER v. KNAPP, ADM'R.

REVIEW OF JUDGMENT.—*Election Between Remedies.*—A party can not prosecute an appeal and a suit to review, but must elect between these remedies.

SAME.—*Pendency of Appeal.—How Question as to Presented.— Practice.*—A question of the pendency of an appeal can not be presented by a motion to dismiss the complaint to review. The proper method, where the fact that an appeal has been prosecuted is not apparent on the face of the record, is by answer.

PLEADING.—*Reply.—Demurrer.—Certainty.*—Where a demurrer to a reply is sufficient to indicate with reasonable certainty what paragraph of the answer the reply fails to avoid, it presents the question of the sufficiency of the reply.

PROMISSORY NOTE.—*Consideration.—Parol Evidence.—Advancement.*—It is competent to show by parol the consideration of a promissory note, and where it is without consideration, or executed merely as evidence of an advancement by a father to a son, it can not be enforced.

SAME.—*Pleading.— Will.*—Where it is answered that the note sued on was executed as evidence of an advancement, a reply that by the terms of the will of the payee such note was. not intended as an advancement, is bad.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *W. R. Fertig,* for appellant.
*W. Neal, J. F. Neal* and *J. B. Black,* for appellee.

ELLIOTT, J.—The appellant alleges in his complaint that a judgment was rendered against him in a former action brought by the appellee; that the court committed two errors in the course of that action, one in overruling a demurrer to

a reply, and the other in admitting a will in evidence, and the prayer of the complaint is that the judgment be reviewed and annulled.

The appellee filed a motion to dismiss this suit, and an affidavit stating that the cause in which the judgment sought to be reviewed was rendered had been appealed to this court. We agree with appellee's counsel that/a party can not prosecute an appeal and a suit to review, but must elect between these two remedies. *Traders Ins. Co.* v. *Carpenter*, 85 Ind. 350; *Klebar* v. *Town of Corydon*, 80 Ind. 95; *Searle* v. *Whipperman*, 79 Ind. 424; *Dunkle* v. *Elston*, 71 Ind. 585. But while we concur with counsel in their statement of the general rule, we can not hold that the rule benefits them, for they have not properly invoked its assistance. A question of the pendency of an appeal, or of another action pending, can not be presented by a motion to dismiss. The proper method of presenting such a question, where, as here, the fact that an appeal has been prosecuted or is pending is not apparent on the face of the record, is by answer.

The reply in the original action was in two paragraphs, the first of which was a general denial. The demurrer to the reply, omitting formal parts, reads thus: " The defendant demurs to the second paragraph of the reply herein and says, that said paragraph does not state facts sufficient to avoid the allegations contained in the answer to which it is intended to be a reply." The introductory clause of the first paragraph of the reply is in these words: "The plaintiff, for reply to the second paragraph of the defendant's answer, says," and the introductory clause of the second paragraph of the reply is as follows: " And for a second and further reply the plaintiff says," and it is contended by the appellee that the demurrer is defective because it does not show what paragraph of the answer the reply is not sufficient to avoid. This contention can not prevail. We think the only reasonable and just construction of the reply is, that it was addressed to the second paragraph of the answer, and we also think

that the demurrer fairly indicates that the reply was challenged because of its failure to state facts sufficient to avoid that answer.  We are of the opinion that where a demurrer is sufficient to indicate with reasonable certainty what paragraph of the answer the reply fails to state sufficient facts to avoid, it presents the question of the sufficiency of the reply.

The complaint in the original action was upon two notes executed by the appellant to his father, then in life, but deceased at the time the action was brought.  The second paragraph of the appellant's answer to that complaint alleges, that the notes sued on were executed as evidence of advancements made to the appellant by his father, and upon the latter's representations that " he only wanted the notes to satisfy his other children, and that he still intended the sums of money evidenced by the notes as an advancement of that much of his estate to the defendant, and that said sums of money, after his death, should be charged to the defendant."  We hold the answer good.  It is competent to show by parol the consideration of a promissory note, and where a note is shown to be without consideration, or is shown to be executed merely as evidence of an advancement by a father to a son, it can not be enforced.  *Peabody* v. *Peabody,* 59 Ind. 556, and authorities cited.  The answer before us shows that the notes sued on were executed simply as evidences that the father had advanced to the son the sums named in them.

The second paragraph of the reply avers that the payee of the notes was the father of the appellant; that he died testate; that by the terms of the will of the testator the notes were not intended for an advancement.  We deem this reply bad.  It counts wholly upon the will; it does not aver that the notes were not executed as evidences of advancements.  The averment does not refer to the time the notes were executed, nor to the agreement then made, but refers exclusively to the will.  We suppose it to be too clear for argument that where a father does advance money to his son, and receives notes as mere evidences of advancements, he can not, by

his will, change the nature of the transaction.   Had the reply denied that the notes were executed as evidences of advancements, there would then be great force in the appellees' contention that the reply was good as an argumentative denial; but this it does not do.   It confesses—because it does not deny—the allegations of the answer, that the notes were executed as evidences of advancements, and seeks to avoid these allegations by averring that "by the terms of the will of the decedent, the notes mentioned in the defendant's answer were not, and never were intended, for an advancement."   This averment, and it is the only one in the reply that resembles a denial, puts the whole case upon terms of the will.   It is clear to our minds that the reply was fatally defective, and that the complaint for review states a cause of action.

Judgment reversed.

Filed Sept. 16, 1886.