Filed Sept. 24, 1886.

---

No. 12,407.

PATTERSON, ADMINISTRATRIX, *v.* THE SCOTTISH AMERICAN MORTGAGE COMPANY.

SUPREME COURT.— *Questions of Jurisdiction Over Subject-Matter.— When May be Raised.*—The rule that the question of jurisdiction over the subject-matter of the action can be raised at any time, does not apply to a case in which the record is fully made up for a final adjudication, upon other questions, in an appellate court.

SAME.—*Appeal from Marion Superior Court.—Assignment of Error.*—Upon an appeal to the Supreme Court from the superior court of Marion county, the only error which can be assigned is, that the superior court at general term erred in affirming or reversing the judgment rendered at special term.

SAME.—*Pleading.— Judgment.—New Trial.*—Errors in rulings upon the pleadings and upon the judgment are not causes for a new trial, but, to be available on appeal, must be separately assigned.

From the Marion Superior Court.

*E. A. Parker,* for appellant.

*J. M. Judah* and *O. B. Jameson,* for appellee.

NIBLACK, J.—This was a suit by the Scottish American Mortgage Company, Limited, to foreclose a mortgage on real estate in Marion county, executed by Samuel J. Patterson,

since deceased, and his wife, Patsey Patterson, to secure the payment of certain promissory notes therein described, copies of all which were filed with the complaint. Patsey Patterson, as administratrix, as well as the widow, in conjunction with the heirs at law of the said Samuel J. Patterson, and nearly, if not quite, forty other persons supposed to have some interest in the matters in controversy, were made defendants. The suit was commenced on the 18th day of June, 1884, and on the 3d day of September, 1884, Mrs. Patterson, as administratrix of the estate of Samuel J. Patterson, the decedent, answered in two paragraphs:

*First.* In general denial.

*Secondly.* Admitting that the said Samuel J. Patterson had died on the 25th day of May, 1883, and that letters of administration had been granted to her on the 13th day of June, 1883, as alleged in the complaint; also, admitting that the said Samuel J. Patterson died seized of the real estate described in the complaint, as well as the execution of the notes and mortgage in suit and the liability of the estate to pay the amount due upon said notes, but averring that from said 13th day of June, 1883, to the time of filing the complaint herein, as well as until the time of filing this answer, she had been endeavoring to sell the real estate of the decedent to pay the debts due from his estate, and had been diligently engaged in settling up the affairs of said estate, as well as in paying, in their proper order, the debts against the same; also, averring that the plaintiff had failed to file the notes and mortgage sued on, or any statement thereof, in the office of the clerk of the Marion Circuit Court, which had jurisdiction of the decedent's estate, within one year from the date of notice of the issuance of letters of administration, or at any time before the commencement of this suit. Wherefore she demanded that neither attorney's fees nor costs should be allowed or taxed against the decedent's estate.

A demurrer was sustained by the court below, at special term, to the second paragraph of Mrs. Patterson's answer,

and after hearing the evidence the court made a finding of the amount due upon the notes, and, disregarding a motion for a new trial, entered by Mrs. Patterson only in her capacity as administratrix, decreed a foreclosure of the mortgage and a sale of the mortgaged lands for the payment of the amount so found to be due, which included attorney's fees and costs of suit, to all of which exceptions were reserved.

The causes assigned for a new trial were: *First.* That the damages assessed were excessive. *Second.* That there was error in the assessment of the damages, the amount assessed being too large. *Third.* That the finding was not sustained by sufficient evidence. *Fourth.* That the finding and judgment were both contrary to law. *Fifth.* That the court erred in sustaining a demurrer to the second paragraph of Mrs. Patterson's answer. *Sixth.* That the court erred in overruling Mrs. Patterson's motion to modify the decree and her exceptions to the entry of the same.

Mrs. Patterson alone, and only as the administratrix of the estate of the decedent, Samuel J. Patterson, appealed to the general term, assigning error only upon the overruling of her motion for a new trial, where the judgment at special term was affirmed.

Mrs. Patterson, still further appealing to this court, has assigned as error: *First.* That the court below had no jurisdiction of the subject-matter of this suit. *Second.* That the court below, at general term, erred in affirming the judgment at special term.

While the general rule that the question of jurisdiction over the subject-matter of the action can be raised at any time, is well recognized, the rule is nevertheless one which has a practical application to cases only so long as they remain open for a question of some kind, and hence does not apply to a case in which the record is fully made up for an ultimate and final adjudication, upon other questions, in an appellate court. In this case, the record was fully made up in that respect when the appeal was submitted to the court below at

Patterson, Administratrix, *v.* The Scottish American Mortgage Company.

general term upon error assigned upon the proceedings at special term.

It has become an established rule of decision in this court, that upon an appeal from the superior court of Marion county, the only error which can be assigned upon the proceedings appealed from is, that the court at general term erred either in affirming or reversing the judgment rendered at special term. Buskirk Pr. 130; *Cline* v. *Love,* 47 Ind. 258; *Munson* v. *Lock,* 48 Ind. 116; *Hadley* v. *Milligan,* 100 Ind. 49; *McNeely* v. *Holliday,* 105 Ind. 324.

Hence, upon such an appeal, no question can be properly considered by this court, which was not, by an appropriate assignment of error, presented to the general term below.

As has been already seen, the only error assigned in this case at general term was upon the overruling of Mrs. Patterson's motion for a new trial. That assignment of error only authorized the general term to inquire whether a new trial, as prayed for by Mrs. Patterson, had been correctly refused, and, in that connection, only to consider such matters as had been lawfully assigned as causes for a new trial. The motion for a new trial having raised no question of jurisdiction over the subject-matter of the suit, no such question was involved at the hearing at general term. It follows that this appeal brings before us no question of jurisdiction, and can not now be made to bring any such question by a new assignment of error in this court.

As at present advised, we would not feel justified in holding that there was error in sustaining a demurrer to the second paragraph of Mrs. Patterson's answer. But, conceding the action of the court in that respect to have been erroneous, the error was one which could not be made available as a cause for a new trial. It preceded and was disconnected with the trial. Error must be separately assigned upon questions reserved on the pleadings, to make such questions available upon review in an appellate court.

So, if a judgment be rendered contrary to law, or if the

court improperly refuses to modify an erroneous judgment, no cause is thereby afforded for a new trial. In either case the error occurs after the trial has been concluded, and has also no connection with the trial. Error must, therefore, be separately assigned upon questions reserved upon the judgment. It further follows that none of the questions most elaborately discussed in argument upon this appeal are presented by the record as it comes to us from the general term below.

In support of the allegation that the finding of the court at special term was not sustained by sufficient evidence, it is urged that there was no proof of the execution of either the notes or mortgage as required by the statute in proceedings against the estates of deceased persons. R. S. 1881, section 364.

The bill of exceptions, purporting to embrace the evidence given at the hearing at special term, contains the following statement as supplying a part of the evidence upon which the finding was based : " It was admitted on the trial by the defendant, Patsey Patterson, administratrix of the estate of Samuel J. Patterson, deceased, and all the other defendants appearing, that all the allegations of the plaintiff's complaint were true, excepting as to plaintiff's right to recover costs and attorney's fees in this action, and that the signature of Samuel J. Patterson upon each of said notes and the mortgage herein is the genuine signature of said Samuel J. Patterson, deceased." This clearly supplied all the proof of the execution of the notes and mortgage which was requisite at the trial, and hence dispensed with the necessity of any more formal proof on that subject.

No sufficient cause has been shown for a reversal of the judgment below at general term.

That judgment is therefore affirmed, with costs.

ELLIOTT, J., did not participate in the decision of this cause.

Filed Oct. 5, 1886.