## TEVIS v. HAMMERSMITH ET AL.

[No. 20,121. Filed June 5, 1903.]

APPEAL AND ERROR.—*Appeal from Appellate Court.—Assignment of Error.*—In appeals from the Appellate Court to the Supreme Court under the third clause of §1337j Burns 1901, the only proper assignment of error is that the Appellate Court (stating the division if the judgment is by a division of that court) erred in affirming or reversing, as the case may be, the judgment of the court below (stating what court).

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by John Tevis against Louis Hammersmith and others. From a judgment for defendants on demurrer to complaint, plaintiff appealed to the Appellate Court, where the judgment was reversed (31 Ind. App. 281).

Appealed to Supreme Court, under clause 3, §1337j Burns 1901. *Appeal dismissed.*

*Clarence Dallam, Jacob Herter, G. H. Hester* and *G. H. Voigt,* for appellants.

*Helm, Bruce & Helm, C. D. Kelso, J. V. Kelso, C. L. Jewett* and *H. E. Jewett,* for appellee.

Monks, C. J.—This is an appeal under clause 3, §10 of the act approved March 12, 1901 (Acts 1901, p. 567, §1337j Burns 1901), from the judgment of the second division of the Appellate Court, reversing the judgment of the Clark Circuit Court, the amount in controversy, exclusive of interest and cost, being more than $6,000.

In enacting said third clause of §10, *supra,* the legislature no doubt had in mind the form of assignment of error required by the decisions of this court in appeals from the general term of the Marion Superior Court, under §1362 R. S. 1881, Acts 1881, p. 316, §401. The decisions of this court on that question must govern here.

Applying the rule established by said decisions, it is clear that the only proper assignment of error in appeals, under the third clause of said §10, *supra,* is, that the Appellate Court, stating the division if the judgment is by a division of that court, erred in affirming, or reversing, as the case may be, the judgment of the court below, stating what court. Care should be taken in each case, where there is more than one appellant, to assign error, either jointly or severally as may be necessary, to entitle each appellant to a decision on the rulings against him. Such an assignment of error will bring before the court the errors properly assigned and not waived in the Appellate Court, and none other; and without such an assignment of error here no question will be presented for the decision of this court. *Leary* v. *Smith,* 81 Ind. 90, and cases cited; *Beineke* v. *Wurgler,* 77 Ind. 468, 473, and cases cited; *Patterson* v. *Scottish, etc., Co.,* 107 Ind. 497, 499, 500, and cases cited.

Under said rule the assignment of errors in this case should have alleged that "The second division of the Appellate Court erred in reversing the judgment of the Clark Circuit Court." It was not so alleged in the assignment of errors, and the same is not therefore sufficient.

We have, however, read the briefs and examined the record and are satisfied that the second division of the Appellate Court, in reversing said judgment, reached a correct result.

Appeal dismissed.