DONALD WARNER *v.* THE YOUNG AMERICA VOLUNTEER FIRE DEPARTMENT.

[No. 2-874A194. Filed May 7, 1975.]

*Robert S. Justice, Robert L. Justice,* of Logansport, for appellant.

*John R. Hillis,* of Logansport, for appellee.

PER CURIAM—This cause is pending before us on the Appellee's Motion to Dismiss the Appeal or Affirm Judgment, which alleges numerous defects in the record of the proceedings and the appellant's brief. After having examined appellee's motion, the record of the proceedings and the appellant's brief, we conclude that appellant has failed to preserve any issues for appeal. Accordingly, we affirm.

WERE ANY ISSUES PRESERVED FOR APPEAL?

This was a cause of action for ejectment and immediate possession of real estate by the plaintiff-appellee against the defendant-appellant. The record of the proceedings discloses the following sequence of events:

7-27-73: Judgment entered for plaintiff
9-25-73: Motion to Correct Errors filed by defendant
10-16-73: Motion to Correct Errors overruled
11- 7-73: Praecipe filed.

No appeal was perfected from the overruling of this original Motion to Correct Errors. Some five months later, defendant

filed in the trial court a motion for relief from judgment pursuant to Rule TR. 60. The sequence of events following the filing of this motion was as follows:

3- 4-74: Motion for Relief from Judgment filed by defendant
3- 4-74: Motion overruled
5- 3-74: Motion to Correct Errors filed
5- 6-74: Motion to Correct Errors overruled
6- 4-74: Praecipe filed
8- 5-74: Appeal perfected in the Court of Appeals by filing the record of the proceedings.

We have carefully examined the lengthy original Motion to Correct Errors and have compared it to the equally lengthy Motion for Relief from Judgment. We find that most of the allegations in the Motion for Relief from Judgment are exactly the same as those in the original Motion to Correct Errors. There are four new points raised in the Motion for Relief from Judgment. Those four points are:

1. The judgment is void;
2. It is not equitable that the said judgment should have prospective application;
3. Young America Volunteer Fire Department, Inc., was without power to bring this action in which said judgment was given in the name of Young America Volunteer Fire Department and not in the corporate name of the non-profit Indiana corporation designated Young America Volunteer Fire Department, Inc.
4. The prosecution of the action in which the said judgment was given was contrary to Indiana Trial Rule 17, Sec. (A) providing that every action shall be prosecuted in the name of the real party in interest, and Section (B) thereof requiring that a party's capacity to sue be determined by the law of the state. The said judgment is also contrary to Indiana Trial Rule 19 providing in Section (A) that all persons who are subject to the service of process must be joined as a party to an action if in their absence complete relief cannot be accorded among those already parties or if the said party claims an interest relating to the subject matter of the action.

In view of the fact that most of the allegations contained in the original Motion to Correct Errors were repeated in the

Motion for Relief from Judgment, we must first determine whether appellant has waived those allegations by not perfecting an appeal from the denial of the original Motion to Correct Errors. We must next determine if appellant waived the new points contained in his Motion for Relief from Judgment set out above and numbered 2, 3 and 4, by not incorporating them in his original Motion to Correct Errors.

Under our former practice it was held that an action under the statute providing for review of judgments (Ind. Ann. Stat. § 2-2604 (Burns 1968 Repl.)) was a substitute for an appeal,[1] and therefore an alternative remedy to an appeal.[2] This statute and others which provided relief from judgments are now superseded by our present rule TR. 60.[3] Rule TR. 60 permits an attack on a judgment by motion, and an appeal following the ruling on the motion. However, the relief afforded by Section B of this rule is not a substitute for a timely appeal. Our research does not disclose an Indiana case so holding, but the language of the rule itself indicates such an intention. Subsection (2) of Section (B) provides:

> "(2) any ground for a motion to correct error, including without limitation newly discovered evidence, *which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;*" (Our emphasis)

Dean Harvey also points out that the right to raise errors which could be raised by a motion to correct errors is

---

1. Calumet Teaming & Trucking Co. v. Young (1941), 218 Ind. 468, 33 N.E.2d 109, rehearing denied 218 Ind. 468, 33 N.E.2d 583; Talge Mahogany Co. v. Astoria Mahogany Co. (1924), 195 Ind. 433, 141 N.E. 50, rehearing denied 195 Ind. 433, 145 N.E. 495; Baker v. Ludlam (1889), 118 Ind. 87, 20 N.E. 648; Harvey v. Fink (1887), 111 Ind. 249, 12 N.E. 396; Buscher v. Knapp (1886), 107 Ind. 340, 8 N.E. 263; McCurdy v. Love (1884), 97 Ind. 62; Traders Ins. Co. v. Carpenter (1882), 85 Ind. 350; Klebar v. Corydon (1881), 80 Ind. 95; Searle v. Whipperman (1881), 79 Ind. 424; Dunkle v. Elston (1880), 71 Ind. 585. Wiltrout, Indiana Practice, Vol. 2, § 1811, pp. 570, 571.

2. Schilling v. Quinn (1912), 178 Ind. 443, 99 N.E. 740; Attica Bldg. & Loan Assn. v. Colvert (1939), 216 Ind. 192, 23 N.E.2d 483.

3. Harvey and Townsend, Indiana Practice, Vol. 4, pp. 204, 205.

limited to errors which could not have been discovered in time for a motion to correct errors under Rule 59.[4]

Appellant Warner did not allege any facts in his Motion For Relief from Judgment which would entitle him to relief under TR. 60(B) subsections (1), (3), (4), or (5). Because he did not allege that the four new allegations of his Motion for Relief from Judgment could not have been discovered in time to move for a motion to correct errors under Rule 59, he cannot obtain relief under subsection (2). This leaves for our consideration subsections (6) (judgment is void), that part of subsection (7) which reads "it is no longer equitable that the judgment should have prospective application," and subsection (8) (any other reason justifying relief from the operation of the judgment).

Clause (6) of the federal rule 60(b) is the same as subsection (8) of the Indiana TR. 60(B). The federal courts have held that relief under Rule 60(b)(6) is not a substitute for an appeal. In Wright and Miller, *Federal Practice and Procedure,* Vol. 11, § 2864, pp. 214 and 215, the authors state:

> "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. However, this is not an inflexible rule *and in unusual cases* a party who has not taken an appeal may obtain relief on motion." (Our emphasis)

There are numerous federal decisions interpreting federal Rule 60(b)(6). The common thread running through these decisions is that Rule 60(b)(6) affords a means for extraordinary relief, to be granted at the discretion of the court only upon a showing of exceptional circumstances, and that the remedy thus afforded is not a substitute for an appeal, nor can it be used to revive the right to an appeal after the time for appeal has expired.

---

4. Harvey and Townsend, *op. cit.* p. 222.

See:

*Expeditions Unlim. Aquatic Ent., Inc.* v. *Smithsonian Inst.* (1974), D.C. Cir., 500 F.2d 808, 809; *Horace* v. *St. Louis Southwestern Railroad Company* (1974), 8 Cir., 489 F.2d 632, 633; *Lubben* v. *Selective Service System Local Bd. No. 27* (1972), 1 Cir., 453 F.2d 645, 651; *Martella* v. *Marine Cooks & Stewards Union, Seafarers, Int'l Union of North America, AFL-CIO* (1971), 9 Cir., 448 F.2d 729; *Demers* v. *Brown* (1965), 1 Cir., 343 F.2d 427; *Swam* v. *United States* (1964), 7 Cir., 327 F.2d 431; *Wagner* v. *United States* (1963), 2 Cir., 316 F.2d 871; *Flett* v. *W. A. Alexander & Company* (1962), 7 Cir., 302 F.2d 321; *Morse-Starrett Products Co.* v. *Steccone* (1953), 9 Cir., 205 F.2d 244.

This sampling of cases covering the span of twenty-two years clearly shows that the intent of the federal courts as expressed in the cases interpreting their Rule 60(b) is, that if one intends to appeal a judgment, he must do so within the time allowed. One cannot sit idly by and let the time for appeal elapse, thereafter file a 60(b) motion and thereby revive his expired remedy of appeal. This is reasonable and logical, and we believe we should so interpret our Rule TR. 60(B).

Having arrived at this point, we again examine the appellant's Motion for Relief from Judgment, and we hold that all of those allegations of that motion which are duplications of the allegations contained in the original Motion to Correct Errors are waived because of appellant's failure to perfect his appeal from the denial of the original Motion to Correct Errors.

Turning now to the allegations of the Motion for Relief from Judgment that were not contained in the original Motion to Correct Errors, plaintiff-appellant first alleges that the judgment is void. The Motion is not accompanied by any memorandum explaining why the judgment is thought to be void. A judgment void on its face can be attacked any time, either collaterally or directly. *Brindle* v. *Anglin* (1973), 156 Ind. App. 219, 295 N.E.2d 860; *Michigan Mutual Liability Co.* v. *Perez* (1965), 137 Ind. App. 247, 207 N.E.2d 368.

## I.  IS THE JUDGMENT VOID?

There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment. 1 Freeman, *Judgments* (5th Ed.) § 226, pp. 444, 445.

As earlier stated, plaintiff's action was for ejectment and immediate possession of certain real estate situated in Cass County, Indiana, and was filed in the Cass Circuit Court, which is a court of general jurisdiction. The record shows summons was issued directed to the defendant Warner, and the sheriff's return on the summons shows the defendant was served with process by reading the same to him and leaving a copy with him. On October 9, 1969, defendant's attorney entered a *general* appearance for him.

The following excerpt from appellant's statement of the issues in his appellant's Brief in this appeal, gives the first clue as to why the judgment is thought to be void:

"Whether a lawsuit initiated by a non-for-profit corporation under a name other than its corporate name is an ultra vires, illegal act such that any judgment rendered in favor of the corporation in that suit is unlawful and void."

It appears from a copy of the Articles of Incorporation of the plaintiff-appellee contained in the record of the proceedings herein, that the true corporate name of the plaintiff is, "Young America Vol. Fire Department, Inc." In both the original Complaint and the Amended Complaint the plaintiff is styled as "The Young America Volunteer Fire Department." The defendant's answer to the Amended Complaint is in two paragraphs. The first is in denial of all of the allegations of the plaintiff's Complaint; the second alleges that the defendant is in lawful possession of the described real estate. The defendant failed to plead as an affirmative defense the lack of capacity of the plaintiff to sue, as required by rule TR. 9(A). The record reveals that defendant's answer to the *original* Complaint did

allege that "the plaintiff is without capacity to sue." However, the defendant's answer to the *Amended* Complaint is silent concerning the plaintiff's capacity to sue. The obvious conclusion is that the defendant elected to waive that defense.

In the case of *Evansville-Vanderburgh, etc.* v. *Meadow Ridge, Inc.* (1967), 141 Ind. App. 135, 226 N.E.2d 710, the Appellate Court held that the lack of capacity of a plaintiff to maintain a suit may be raised by a plea in abatement or by a demurrer. Because the defendant in that case filed an answer in general denial, the Court held that defendant waived the defense of the lack of capacity of the appellant to sue.

In *J. I. Case Co.* v. *Sandefur* (1963), 245 Ind. 213, 197 N.E.2d 519, our Supreme Court stated:

> "So long as a court has general jurisdiction of the subject matter to which a case belongs, a defendant may waive his right to object to the jurisdiction by failing to make timely and specific objections thereto. The objections should be raised at the earliest opportunity, I.L.E., Courts, § 7, p. 417; *Patterson, Administratrix* v. *Scottish-American Mortgage Company* (1886), 107 Ind. 497, 8 N.E. 554.
>
> "Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of 'jurisdiction' and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter for original writs in this court. We look with disfavor upon points raised for the first time on appeal in the higher court or in original actions without first raising the issue with specific objections thereto at the first opportunity in the trial court.
>
> "The trial court had jurisdiction of the subject matter in this case when it was filed. *The right of a party to maintain a suit as a plaintiff* or substitute plaintiff *must be raised by a proper pleading or motion questioning such authority at the first opportunity or the objection is waived."* (our emphasis)

So in the case now before us, the defendant failed to plead the affirmative defense of plaintiff's lack of capacity to sue; he let the matter go to judgment without interposing that defense. He cannot thereafter be permitted to raise that ques-

tion for the first time in a Motion for Relief from Judgment under the guise that the judgment is void.

In any event we think the plaintiff corporation was properly in court, and that it had invoked and submitted itself to the jurisdiction of the court, despite the minor variance between the corporation's true corporate name and the name of the corporation as it is styled in the caption of the Complaint. The Complaint was signed by one Gilbert Merrill, as fire chief. He testified he was fire chief of the Young America Volunteer Fire Department. The Articles of Incorporation of the plaintiff corporation provide that a Board of Directors shall annually elect a president who also shall be the fire chief. The defendant does not allege any misunderstanding about who the plaintiff was and the defendant could not have been misled as to the true identity of the plaintiff.

In Fletcher, *Cyclopedia Corporations*, Vol. 9, 1964 Revised Volume, Ch. 51, § 4545, pp. 457, 458, we find the following:

> "Misnomer of a corporation ordinarily must be urged by a plea in abatement or as otherwise provided by statute, and is waived unless so urged provided the variance in the name is not so great as to prevent the identity of the corporation from clearly appearing."

Numerous cases from multiple jurisdictions are cited in the footnotes to support this statement.

Again in Fletcher, *Op. Cit.*, Ch. 51, § 4494, pp. 375, 376, it is stated:

> "While existence must be proved to be under substantially the same name as that alleged, and the parties should be correctly named and described, a misnomer not misleading or destructive of the identity of the corporation in a pleading may be treated as immaterial if not seasonably objected to, or may be amended to meet such an objection. A misspelling of a word or use of a wrong but similar word in the name, or the omission of the abbreviation 'Inc.,' or the use of words instead of initials in the name, or the omission or addition of words in the name as pleaded . . . or other slight differences in the name, have been held not

to be fatal, at least where not specially pleaded in abatement."

And further, on p. 378:

"By answering to and defending under a misnomer, the misnomer is waived, and the judgment cannot be overthrown for error. . . . Accordingly, the rule is established that objection must be taken by a dilatory plea addressed to the misnomer."

Again the footnotes cite multiple cases from numerous jurisdictions in support of these statements.

We believe the above discussion dispatches appellant's argument that the judgment is void.

We next consider appellant's second new allegation.

## II. IS IT EQUITABLE THAT THE JUDGMENT SHOULD HAVE PROSPECTIVE APPLICATION?

Appellant's sole argument on this point in his brief is contained in one paragraph and reads as follows:

"If the judgment in question was void as having been given to a non-entity in a suit it lacked the corporate power to bring as pointed out above and that judgment can be an instrument to deprive the defendant Donald Warner of his home and his livelihood as he testified it is certainly inequitable that it should be permitted to have prospective effect."

We have already dealt with appellant's argument that the judgment was void and decided that point adversely to him. Concerning his argument that it is not equitable [9] that the judgment should have prospective effect, appellant misconceives the remedy afforded by TR. 60(B)(7). The rule provides for relief when *it is no longer* equitable that the judgment should have prospective application. To claim relief under this section there must be a showing that there has been some change of circumstance since the entry of the original judgment, and that the change of circumstance was not reasonably foreseeable at the time of the entry of judgment. See: *Public Service Commission* v. *Schaller* (1973), Ind. App., 299 N.E.2d 625.

Appellant makes no such showing in this case, as indeed he could not. He therefore has failed to demonstrate that he is entitled to relief under TR. 60 (B) (7).

III.  WAS YOUNG AMERICA VOLUNTEER FIRE DE-PARTMENT, INC., WITHOUT POWER TO BRING THIS ACTION?

Appellant's third new allegation in his Motion for Relief from Judgment, that Young America Volunteer Fire Department, Inc., was without power to bring this action in which judgment was given in the name of Young America Volunteer Fire Department and not in the true corporate name, has been argued in appellant's brief under the section alleging the judgment is void, and we have discussed that argument earlier in this opinion.

We now consider appellant's fourth and last new argument of his Motion for Relief from Judgment.

IV.  WAS THE PROSECUTION OF THE ACTION CON-TRARY TO TR. 17(A)? WAS JUDGMENT CON-TRARY TO TR. 19(A)?

Appellant first asserts that the prosecution of the action was contrary to Rule TR. 17(A) which provides that every action shall be prosecuted by the real party in interest, and TR. 17(B) that the party's capacity to sue be determined by the law of the state. Under this point he again argues that the judgment is void because of the variance between the plaintiff's true corporate name, and the name of the plaintiff as it appears in the caption of the Complaint, which we have previously discussed. Moreover, this is a point which could have been raised in the original Motion to Correct Errors, and have failed to raise it at that time, he has waived that argument and should not be permitted to raise it for the first time in his Motion for Relief from Judgment.

Appellant next asserts that the judgment is contrary to TR. 19 providing that all persons who are subject to the service

of process must be joined as a party to an action if in their absence complete relief cannot be accorded among those already parties, or if said party claims an interest relating to the subject matter of the action.

As earlier stated, defendant-appellant's Motion for Relief from Judgment is unaccompanied by any memorandum or statement of facts and grounds. We are unable to glean from either that Motion, the second Motion to Correct Errors or the appellant's brief just what is intended by this allegation and we decline to speculate. In any event, the record does not show that the defendant raised the issue of non-joinder in the trial court as provided for by Rule TR. 19(C), and further there is no showing that this issue could not have been raised in the original Motion to Correct Errors, and therefore it must be deemed to be waived.

CONCLUSION

Having determined that the judgment was not void, having determined that most of the allegations of the Motion for Relief from Judgment were repetitive of the original Motion to Correct Errors and the remaining allegations are not shown to be matters which did not exist at the time of, and could not have been raised by, the original Motion to Correct Errors, we are now persuaded that defendant-appellant's Motion for Relief from Judgment was an attempt to appeal by indirect action what he had earlier abandoned. His Motion for Relief from judgment appears to be an attempt to remedy his failure to timely perfect an appeal from the denial of his original Motion to Correct Errors. That being the case, we hold that appellant has failed to preserve and present any issues for appeal.

Judgment affirmed.

NOTE.—Reported 326 N.E.2d 831.