BERNADETTE G. BENNETT *v.* WILLIAM C. BENNETT.

[No. 3-1275A281. Filed April 4, 1977.]

*Julius H. Sachs, Ronald F. Layer, Sachs & Hess,* of Hammond, for appellant.

*James K. Whitaker,* of Hammond, for appellee.

STATON, P.J.—The marriage of Bernadette Bennett and William Bennett was dissolved on June 23, 1975. Bernadette brings this appeal and she contends that the trial court lacked jurisdiction to issue its decree of dissolution. After reviewing the record and her contention, we conclude that the court had jurisdiction, and we affirm.

## I.

### Proceedings

William filed for divorce on May 30, 1974. Later, on November 12, 1974, evidence was heard on the final hearing for dissolution, and the parties were ordered to seek reconciliation through the Lutheran Family Services of Northwest Indiana; then on December 18, 1974, the Lutheran Family Service of Northwest Indiana reported to the court that neither party considers the marriage reconcilable. William, through counsel, on April 29, 1975, wrote the court confirming the impossibility of reconciliation and suggesting a hearing for further evidence and arguments. Later, May 1, 1975, the trial court set the cause for final hearing on May 27, 1975. The parties and their counsels appeared at the final hearing; evidence was heard and concluded, and the court took the dissolution under advisement. The decree of dissolution was issued by the court on June 23, 1975.

Bernadette complains that the court lacked jurisdiction to take any action on the cause as of June 23, 1975, and she points to IC 1971, 31-1-11.5-8(a) (Burns Supp. 1976) to bolster her argument. That statute provides, in pertinent part:

"(a) In an action pursuant to section 3(a) [dissolution of marriage], a final hearing shall be conducted no earlier than sixty [60] days after the filing of the petition. Upon the final hearing: the court shall hear evidence and, if it finds that the material allegations of the petition are true, either enter a dissolution decree as provided in section 9 (a) . . . or if the court finds that there is a reasonable possibility of reconciliation, the court may continue the matter and may order the parties to seek reconciliation through any available counseling. *At any time forty-five [45] days after the date of the continuance either party may move for the dissolution of the marriage and the court may enter a dissolution decree as provided in section 9(a). If no motion for the dissolution is filed, the matter shall be, automatically and without further action by the court, dismissed after the expiration of ninety [90] days from the date of continuance.* . . ." (Emphasis added.)

## II.

### Statutory Construction

Bernadette urges this Court to construe IC 1971, 31-1-11.5-8(a) as jurisdictional. She reasons that since more than ninety days elapsed between the date of continuance (November 12, 1974), and the date of William's motion (April 29, 1975), the cause was automatically dismissed. If the statute were jurisdictional in nature, this would be the effect. However, this is not the nature, purpose, or effect of the statute.

The automatic dismissal portion of IC 1971, 31-1-11.5-8(a) has not heretofore been presented to us for construction. We are mindful that the cardinal rule in construing a statute is to ascertain and give effect to the legislative intent. *Abrams* v. *Legbandt* (1974), 160 Ind. App. 379, 312 N.E.2d 113. "In construing legislation, this

Court must employ a reasonable interpretation of statutory language as a means of discovering the legislature's true goals. It cannot be presumed that our lawmakers expect their enactments to be applied in an illogical or absurd manner." *Pryor* v. *State* (1973), 260 Ind. 408, 412, 296 N.E.2d 125, 127.

> "In cases of ambiguity, we must search for legislative intent. If more than one construction is possible, the court may consider the consequences of a particular construction. . . . A consideration of attendant evils may properly influence the construction in such cases; . . . and the court will endeavor to give the statute a practical application and to construe it in such a way as to oppose prejudice to public interest. . . . These considerations are to enable us to determine the legislative intent. . . ." *State ex rel. Bynum* v. *LaPorte Sup. Ct.* (1973), 259 Ind. 647, 650, 291 N.E.2d 355, 356.

Marriage dissolutions may comprise a large portion of a court's docket. The husband and wife may desire a dissolution of their marriage. However, it is not the practice in this state to issue divorces "for the asking." *Flora* v. *Flora* (1976), 166 Ind. App. 620, 337 N.E.2d 846. Evidence of irretrievable breakdown must be presented. If the trial court determines, after hearing the evidence, that a "reasonable possibility of reconciliation" exists, it may continue the matter and order counseling. IC 1971, 31-1-11.5-8(a).

During counseling the parties are gone from the courtroom; the judge has an open case in his files. If the counseling was fruitful, the parties may have abandoned their plan for dissolution. Without a time consuming call of the docket, the status of the dissolution proceeding would remain in doubt. We believe that the automatic dismissal portion of IC 1971, 31-1-11.5-8(a) is a procedural vehicle, not intended to strip the court of jurisdiction, but rather intended to aid the efficient housekeeping of the court. Through the "automatic" wording, the legislature provided a means of limiting further action. The running of the ninety days could serve as a bar to further action in the case, *if that bar were raised.*

## III.

### Limitation Effect

Generally, statutes of limitations are laws of repose, merely affecting remedy, and are available only as defenses. *Terry* v. *Davenport* (1916), 185 Ind. 561, 112 N.E. 998. They are founded on wise and salutary policy and promote the ends of justice. *Marshall* v. *Watkins* (1939), 106 Ind. App. 235, 18 N.E.2d 954. Statutes of limitations are procedural as opposed to substantive in nature and are generally regarded favorably by courts. *Horvath* v. *Davidson* (1970), 148 Ind. App. 203, 264 N.E.2d 328. Such statutes should not be construed so as to reach an absurd result. *Hamrick* v. *Indianapolis Humane Society, Inc.* (D.C. Ind. 1959), 174 F.Supp. 403, aff'd 273 F.2d 7, *cert. denied* 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739. Statutes of limitations are grounded upon the presumption that one having a well-founded claim will not delay enforcing it; they neither create nor destroy rights; they pertain solely to the remedy. *In re Hogan* (1921), 75 Ind. App. 53, 129 N.E. 633; *Spencer, Admr.* v. *McCune* (1920), 73 Ind. App. 484, 126 N.E. 30; *State* v. *Swope* (1855), 7 Ind. 91.

While IC 1971, 31-1-11.5-8(a) is not patently a statute of limitations, its purpose and effect mirror the purpose and effect of a limiting statute. Once the parties to a dissolution action have been ordered to seek counseling, the presumption arises that, if the reconciliation is impossible, the action will quickly culminate in divorce. And, in order to encourage a timely conclusion to pending divorce litigation, the legislature devised a procedural bar which, if raised, could prevent tardy or dilatory prosecution of dissolution actions.

## IV.

### Waiver

Bernadette and her attorney attended the final dissolution hearing on May 27, 1975. They participated in the hearing

and did not raise the issue of the "automatic dismissal." Rather than bring the "automatic dismissal" to the trial judge's attention, Bernadette remained silent until *after* final judgment on the dissolution before filing her Motion for Relief from Judgment and Motion to Correct Errors. This silence amounted to a waiver of the statutory bar.[1]

In *Warner* v. *Young America Volunteer Fire Dept.* (1975), 164 Ind. App. 140, 326 N.E.2d 831, 836, the Indiana Court of Appeals, Second District, discussed the policy reasons for not countenancing such tactics. In *Warner,* the defendant did not raise as a defense the plaintiff's lack of capacity to sue. Citing *J.I. Case Co.* v. *Sandefur* (1963), 245 Ind. 213, 197 N.E.2d 519, the Court analyzed the problem:

> " 'So long as a court has general jurisdiction of the subject matter to which a case belongs, a defendant may waive his right to object to jurisdiction by failing to make timely and specific objections thereto. The objections should be raised at the earliest opportunity, 7 I.L.E. Courts § 7, p. 417; Patterson, Administratrix v. Scottish American Mortgage Company (1886), 107 Ind. 497, 8 N.E. 554.
>
> *'Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of "jurisdiction" and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time* or that the proceedings are subject to collateral attack and are a matter for original writs in this court. *We look with disfavor upon points raised for the first time on appeal in the higher court* or in original actions *without first raising the issue with specific objections thereto at the first opportunity in the trial court. . . .'*
>
> So in the case now before us, the defendant failed to plead the affirmative defense of plaintiff's lack of capacity to sue; *he let the matter go to judgment without interposing that defense. He cannot thereafter be permitted to raise that question for the first time in a Motion for Relief from Judgment under the guise that the judgment is void."* (Emphasis added.)

---

1. The judgment reads: ". . . [parties] agree to submit said cause for trial this date. . . ."

A limiting statute may be waived if not raised as a defense. *Hare* v. *Chisman* (1951), 230 Ind. 333, 101 N.E.2d 268. A party may, by a course of conduct, place himself in a position where equity will not permit the assertion of the expiration of a statute of limitations as a defense. *Collins* v. *Dunifon* (1975), 163 Ind. App. 201, 323 N.E.2d 264. A statute of limitations is not self-executing; it must be pleaded. *Donnella* v. *Crady* (1962), 135 Ind. App. 60, 185 N.E.2d 623, *trans. denied* 244 Ind. 205, 191 N.E.2d 499.

## V.

### Conclusion

The ninety day dismissal provision of IC 1971, 31-1-11.5-8 (a) is a bar to any further action upon the dissolution petition. If the bar is not raised as a defense to further proceedings and the parties participate without objection to the continuation of the dissolution proceedings which result in a judgment, the defense of bar is waived.

Any other conclusion would place the trial court in the position of committing the useless and meaningless act of rendering an invalid dissolution decree. Any other conclusion would be an absurdity for the participating parties in a dissolution proceeding where the ninety day bar was never raised. Additionally, any other conclusion would cast a stigma upon future marriages and a stigma of illegitimacy upon the children of those marriages.

The judgment of the trial court is affirmed.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 361 N.E.2d 193.