

**FILED**

Dec 09 2015, 6:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Mark J. Crandley
Barnes & Thornburg, LLP
Indianapolis, Indiana

Richard Brad Gonon
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jon R. Pactor
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Fish, <br> *Appellant,* <br><br> v. <br><br> 2444 Acquisitions, LLC, <br> *Appellee.* | December 9, 2015 <br><br> Court of Appeals Cause No. <br> 49A02-1502-MF-100 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Michael Keele, Judge <br><br> Trial Court Cause No. <br> 49D07-1103-MF-10806 |

**Barnes, Judge.**

## Case Summary

[1] Michael Fish appeals the trial court's grant of a motion for relief from judgment filed by 2444 Acquisitions, LLC ("Acquisitions"). We reverse.

## Issue

Fish raises several issues, one of which we find dispositive and restate as whether the trial court properly granted Acquisitions's motion for relief from judgment.

## Facts

Fish obtained a mortgage on properties owned by Acquisitions, and in March 2011, Fish filed a complaint against Acquisitions and others to foreclose the mortgage. In July 2011, the parties entered into an agreed entry, which the trial court approved. The agreed entry granted Fish a judgment in the amount of $263,308.73 plus interest and foreclosed the mortgage.

At some point prior to the sheriff's sale, Acquisitions apparently filed a bankruptcy action. In August 2014, Fish testified before the bankruptcy court. At the time, Fish testified that, prior to 2011, he transferred the mortgage to Indianapolis Restaurant Ventures, LLC, ("IRV"). According to Fish, Fish owned forty percent of IRV, and Ruben Pazmino's family trust owned sixty percent of IRV. The bankruptcy court raised concerns over the mortgage being held by IRV but Fish holding the judgment of foreclosure.

In December 2014, Acquisitions filed a motion for relief from judgment of the foreclosure and agreed entry. Acquisitions argued in part that the judgment was void because "Plaintiff failed to accurately represent his interest in the mortgage and failed to name a necessary party who holds an interest in the

mortgage." App. p. 9. Acquisitions requested that the judgment be vacated and set aside.

[6] Fish filed an objection and argued that he did not "ever transfer to any other party his mortgage interest relative to said Judgment" and that he remained the real party in interest. *Id.* at 12. Fish also argued that the motion was based on misrepresentation and was not timely under Indiana Trial Rule 60(B). Fish further argued, with respect to Acquisitions's position that the judgment was void, that the motion was not filed within a reasonable time pursuant to Indiana Trial Rule 60(B).

[7] At a hearing on the motion for relief from judgment, Fish testified that, in 2010, Fish and Pazmino formed IRV and entered into an operating agreement. The purpose of IRV was to hold the mortgage on the properties at issue in this case. They later changed their minds about transferring the mortgage to IRV. According to Fish, Pazmino paid Fish, not IRV, $118,000 as an investment in the mortgage. Fish testified that he misspoke at the bankruptcy hearing.

[8] The trial court found that Fish testified before the bankruptcy court that "he transferred the mortgage at issue in this case to another entity, [IRV], in late 2010 or 2011." App. p. 6. The trial court found that IRV was a real party in interest and should have been named as a party to this matter. Thus, the trial court found that "the judgment and agreed entry entered by the Court on or about July 5, 2011 is void and that Defendant's verified motion for relief was filed within a reasonable time per Ind. Trial Rule 60(B)." *Id.* Fish now appeals.

# Analysis

Fish argues that the trial court abused its discretion by granting Acquisitions's motion for relief from judgment under Indiana Trial Rule 60(B). The propriety of relief under Trial Rule 60(B) is a matter entrusted to the trial court's equitable discretion. *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812 (Ind. 2012). An abuse of that discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *Id.* Although this court normally employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment, when a motion for relief from judgment is made pursuant to Trial Rule 60(B)(6) alleging that the judgment is void, discretion on the part of the trial court is not employed because whether the judgment is void or valid is a question of law. *Deutsche Bank Nat. Trust Co. v. Harris*, 985 N.E.2d 804, 813 (Ind. Ct. App. 2013). The burden is on the movant to establish grounds for Trial Rule 60(B) relief. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).

Trial Rule 60(B) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1)  mistake, surprise, or excusable neglect;
>
> (2)  any ground for a motion to correct error, including without limitation newly discovered evidence, which by

due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that

(a) at the time of the action he was an infant or incompetent person, and

(b) he was not in fact represented by a guardian or other representative, and

(c) the person against whom the judgment, order or proceeding is being avoided procured the judgment with notice of such infancy or incompetency, and, as against a successor of such person, that such successor acquired his rights therein with notice that the judgment was procured against an infant or incompetent, and

(d) no appeal or other remedies allowed under this subdivision have been taken or made by or on behalf of the infant or incompetent person, and

(e)     the motion was made within ninety [90] days after the disability was removed or a guardian was appointed over his estate, and

(f)     the motion alleges a valid defense or claim;

(6)     the judgment is void;

(7)     the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8)     any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Acquisitions's motion was filed more than one year after the agreed judgment was entered. Consequently, Acquisitions could not be granted relief under

sections (1), (2), (3), or (4), which include relief based on fraud, misrepresentation, or other misconduct of an adverse party. Instead, Acquisitions argued in its motion for relief from judgment that it was entitled to relief because the judgment was "void." App. p. 9.

[12] Fish argues that a real party in interest claim does not render a judgment void. In general, "'[a] void judgment is a nullity, and typically occurs where the court lacks subject matter or personal jurisdiction.'" *Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299, 304 (Ind. Ct. App. 2012) (quoting 22B STEPHEN E. ARTHUR, INDIANA PRACTICE § 60.2 (2012)), *trans. denied*; *see also Moore v. Terre Haute First Nat'l Bank*, 582 N.E.2d 474, 477 (Ind. Ct. App. 1991) ("If a judgment is void, whether from faulty process or otherwise, a T.R. 60(B) claimant need not show a meritorious defense or claim.").

[13] The parties make no argument that personal jurisdiction or faulty process is an issue here. Rather, on appeal, Acquisitions claims that this "case does involve the court's jurisdiction" and argues that the real party in interest requirement is comparable to standing. Acquisitions's argument fails for several reasons. First, standing and the real party in interest rule are separate concepts. *Hammes v. Brumley*, 659 N.E.2d 1021, 1029 (Ind. 1995). "Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit." *Id.* "A real party in interest, on the other hand, is the person who is the true owner of the right sought to be enforced." *Id.* at 1030. The real party in interest "is entitled to the fruits of the action." *Id.*

[14]   Neither concept implicates subject matter jurisdiction. In *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006), our supreme court clarified:

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties. Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

[15]   The *K.S.* court went on to explain, "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *K.S.*, 849 N.E.2d at 541. "'The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.'" *Id.* at 542 (quoting *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000)). "Real jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts."[1] *Id.*

---

[1] Acquisitions relies upon *Pence v. State*, 652 N.E.2d 486, 488 (Ind. 1995), which held "[t]he standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." However, *Pence* predated *K.S.*, 849 N.E.2d at 540-42, which clarified jurisdiction concepts. Consequently, *Pence* is not persuasive here.

The trial court here clearly had jurisdiction over the general class of actions to which a particular case belongs, i.e., a foreclosure action. Consequently, subject matter jurisdiction is not implicated here. Rather, "a party's legal capacity . . . to assert its claim" implicates legal error, not jurisdiction over the subject matter. *Family Dev., Ltd. v. Steuben Cnty. Waste Watchers, Inc.*, 749 N.E.2d 1243, 1255 n.10 (Ind. Ct. App. 2001) (internal citations omitted). We reached a similar result in *Warner v. Young America Volunteer Fire Department*, 164 Ind. App. 140, 326 N.E.2d 831 (1975). There, a defendant argued in a motion for relief from judgment that the plaintiff had filed its action as "The Young America Volunteer Fire Department," but its true name was "Young America Vol. Fire Department, Inc." *Warner*, 164 Ind. App. 147, 326 N.E.2d at 836. Although the defendant argued that the judgment was void, we held that the trial court had jurisdiction and that the plaintiff's capacity to sue could not be raised for the first time in a motion for relief from judgment "under the guise that the judgment is void." *Id.* at 149, 326 N.E.2d at 836; *see also K.S. v. R.S.*, 669 N.E.2d 399, 404-05 (Ind. 1996) (holding that the failure to add a necessary party resulted in a voidable, but not void judgment).

[17] We also note that Indiana Trial Rule 17 discusses real parties in interest and provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a

reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest.

Consequently, a real party in interest argument is capable of being waived, unlike a subject matter jurisdiction argument. *See Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1223 n.8 (Ind. 2000) (holding that lack of subject matter jurisdiction cannot be waived), *amended on reh'g in part*, 737 N.E.2d 719 (Ind. 2000).

[18] We conclude that the agreed judgment is not void under Indiana Trial Rule 60(B)(6). This is not a case where the trial court lacked subject matter or personal jurisdiction. Consequently, the trial court erred when it determined that Acquisitions was entitled to relief under Indiana Trial Rule 60(B)(6).

[19] Acquisitions also argues that the trial court properly voided the judgment for misrepresentation, fraud, and fraud on the court. These allegations fall under Indiana Trial Rule 60(B)(3), and a motion requesting relief under Rule 60(B)(3) must be filed within one year of the judgment. Acquisitions's motion was not timely under Rule 60(B)(3). *See, e.g., In re Adoption of Infant Female Fitz*, 778

N.E.2d 432, 436 (Ind. Ct. App. 2002) (noting that a fraud on the court claim was subject to the one year time limit of Rule 60(B)).[2]

[20] Next, Acquisitions seems to argue that it was entitled to relief under Trial Rule 60(B)(8), which provides for relief based on "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Relief under Trial Rule 60(B)(8) is not limited by the one year after the judgment limitation; rather, it must be filed within a reasonable time. "[S]ubdivision (8) is not available if the grounds for relief properly belong in another of the enumerated subdivision of T.R. 60(B)." *Weppler v. Stansbury*, 694 N.E.2d 1173, 1176 (Ind. Ct. App. 1998). The grounds for relief here properly belong in Rule 60(B)(3) as a misrepresentation or fraud allegation. Acquisitions cannot bypass the one year time limitation by merely arguing that Rule 60(B)(8) applies.

[21] Finally, Acquisitions also argues that, if we reverse the trial court's order, we should remand for the trial court to redetermine the balance of the judgment. Acquisitions argued in its motion for relief from judgment that the post-judgment interest was incorrect and that Fish had misrepresented the amount paid by Acquisitions toward the mortgage balance. Both of these allegations

---

[2] In *Jahangirizadeh v. Pazouki*, 27 N.E.3d 1178 (Ind. Ct. App. 2015), we discussed the three ways to bring a fraud on the court claim, which include a Trial Rule 60(B)(3) claim, an independent action for fraud, and invoking the inherent power of a court to set aside its judgment if procured by fraud on the court. There is no indication here that Acquisitions was bringing an independent action for fraud or invoking the trial court's inherent power to set aside a judgment procured by fraud on the court.

fall within Rule 60(B)'s one year time limitation. Consequently, these allegations do not warrant relief under Rule 60(B).

# Conclusion

[22] We reverse the trial court's grant of Acquisitions's motion for relief from judgment pursuant to Indiana Trial Rule 60(B).

[23] Reversed.

[24] Kirsch, J., and Najam, J., concur.